UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

NATIONAL INDEMNITY COMPANY OF
THE SOUTH,

      Plaintiff,                                 Case No.:

vs.

DISCOUNT ROCK & SAND, INC., CARLOS
MANSO BLANCO, RICARDO SANCHEZ, Personal
Representative of the ESTATE OF TERESA SANCHEZ
QUETGLAS, ELIA BONFANTE, Personal Representative
of the ESTATE OF ANA GAITAN DIAS, FRANCISCO
CORTES, Personal Representative of the ESTATE OF
MARGARITA CORTES-PARDO, JULIO LOPEZ-BERMEJO
ROSSELLO, Personal Representative of the ESTATE OF
MARIA LOPEZ-BERMEJO ROSELLO, DANIEL
PINKERTON, and KIMBERLY PINKERTON,

      Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, NATIONAL INDEMNITY COMPANY OF THE SOUTH ("NICO OF THE

SOUTH"), files this Complaint for Declaratory Judgment against the Defendants, DISCOUNT

ROCK & SAND, INC. ("DISCOUNT ROCK"), CARLOS MANSO BLANCO ("BLANCO"),

RICARDO SANCHEZ, as Personal Representative of the ESTATE OF TERESA SANCHEZ

QUETGLAS ("ESTATE OF SANCHEZ"), ELIA BONFANTE, as Personal Representative of the

ESTATE OF ANA GAITAN DIAS, FRANCISCO CORTES ("ESTATE OF GAITAN"), as

Personal Representative of the ESTATE OF MARGARITA CORTES-PARDO ("ESTATE OF

PARDO"), JULIO LOPEZ-BERMEJO ROSSELLO, as Personal Representative of the ESTATE

OF MARIA LOPEZ-BERMEJO ROSSELLO ("ESTATE OF ROSSELLO"), DANIEL

PINKERTON ("D. PINKERTON") and KIMBERLY PINKERTON ("K. PINKERTON") and

states as follows:

1

## PRELIMINARY STATEMENT

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between the parties with respect to an insurance policy issued by Plaintiff, NICO OF THE SOUTH, to Defendant, DISCOUNT ROCK.

2.      NICO OF THE SOUTH seeks a declaration from the Court that NICO OF THE SOUTH properly and fully discharged its obligations of good faith in the handling of the subject claims arising out of an automobile accident that is the subject matter of the UNDERLYING ACTION, as described more fully below and that NICO OF THE SOUTH is without liability to Defendants for any amount over and above the limits of the NICO OF THE SOUTH policy which have already been paid to secure a release of BLANCO from the Estates' claims in the UNDERLYING ACTION.

3.      NICO OF THE SOUTH also seeks a declaration from the Court that NICO OF THE SOUTH has no further duty to defend DISCOUNT ROCK and BLANCO with respect to the in the UNDERLYING ACTION or any duty to indemnify DISCOUNT ROCK and BLANCO with respect to the judgment in the UNDERLYING ACTION.

4.      NICO OF THE SOUTH also seeks a declaration from the Court that NICO OF THE SOUTH has no duty to defend or indemnify DISCOUNT ROCK and BLANCO with respect to the claims being asserted against them by D. PINKERTON and K. PINKERTON in the Pinkerton Action, as described more fully below.

## PARTIES, JURISDICTION & VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(a) based upon the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under the subject policy of insurance.

6.      NICO OF THE SOUTH is, and was at all times material hereto, a foreign corporation incorporated in the State of Iowa with its principal place of business in the State of Nebraska.

7.      NICO OF THE SOUTH is authorized to issue commercial auto insurance policies in Florida.

8.      The Court has personal jurisdiction of DISCOUNT ROCK, because it is and was, upon information and belief, a corporation organized under the laws of the state of Florida, conducting its business in the state of Florida, with its principal place of business located in Marathon, Florida.

9.      The Court has personal jurisdiction of BLANCO, because he is and was, upon information and belief, a resident of and domiciled in the state of Florida and district at all relevant times.

10.      At all times material hereto, RICARDO SANCHEZ, individually and as Personal Representative of the ESTATE OF TERESA SANCHEZ QUETGLAS was and is a citizen of the Country of Spain.

11.      At all times material hereto, ISABEL QUETGLAS CERDA was and is a citizen of the Country of Spain.

12.      At all times material hereto, ELIA BONFANTE, individually and as Personal Representative of the ESTATE OF ANA GAITAN DIAS, was and is a citizen of the Country of Italy.

13.      At all times material hereto, FRANCISCO CORTES, individually and as Personal Representative of the ESTATE OF MARGARITA CORTES-PARDO, was and is a citizen of the Country of Spain.

3

14.     At all times material hereto, SOFIA PARDO GARCIA was and is a citizen of the Country of Spain.

15.     At all times material hereto, JULIO LOPEZ-BERMEJO ROSSELLO, individually and as Personal Representative of the ESTATE OF MARIA LOPEZ-BERMEJO, was and is a citizen of the Country of Spain.

16.     At all times material hereto, MATILDE ROSSELLO MENA was and is a citizen of the Country of Spain.

17.     At all times material hereto, D. PINKERTON was and is a citizen of the State of Florida.

18.     At all times material hereto, K. PINKERTON was and is a citizen of the State of Florida.

19.     Claimant Defendants have all made claims for benefits under the Policy arising out of the automobile accident that is the subject matter of the Underlying Lawsuit and the Pinkerton lawsuit and, therefore, are required to be named as parties to this action.

20.     The Claimant Defendants are named herein so that they will be bound by the Court's ultimate decree.

21.     Complete diversity of citizenship exists in this matter.

22.      The amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

23.     The verdict rendered in the Underlying Action, which is detailed and defined below, is in excess of $75,000, exclusive of costs, interest, and attorneys' fees, and is in excess of the limits of the NICO OF THE SOUTH policy, which is discussed below.

4

24.     Venue is proper in the Southern District of Florida, Key West Division, pursuant to 28 U.S.C. § 1391, because the underlying incident for which the claimants seek recovery occurred in Monroe County.

25.     Additionally, the Underlying Action, styled *Estate of Teresa Sanchez Quetglas, et. al. v. Discount Rock & Sand, Inc., et. al*., Case No.: 4:18-cv-10097 ("Underlying Action"), was filed in the United States District Court, Southern District of Florida, Key West Division. A second lawsuit stemming from the subject incident, styled *Daniel W. Pinkerton and Kimberly Pinkerton v. Carlos Manso Blanco and Discount Rock & Sand, Inc.,* Case No: 19-CA-000303-P ("Pinkerton Action"), is pending in the Circuit Court of the Sixteenth Judicial Circuit, in and for Monroe County, Florida.

26.     All conditions precedent to the institution of this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS
### The Policy

27.     NICO OF THE SOUTH issued a Business Auto Policy, policy number 74 APB 002326 (hereinafter referred to as "the Policy"), to DISCOUNT ROCK, for the policy period February 28, 2018 to February 28, 2018.  A true and correct copy of the Policy is attached as **Exhibit 1**.

28.     The Policy provides liability coverage for all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". *See* Ex. 1, at CA 00 01 03 10, p. 2, Section II(A).

29.     Regardless of the number of claims made or vehicles involved in an accident, the most NICO OF THE SOUTH will pay for the total of all damages resulting from any, one

"accident" is the Limit of Insurance for Liability Coverage shown in the Declarations. *Id*. at CA 00 01 03 10, p. 5, Section II(C).

30.     The Policy defines "accident" to include continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage". *Id*. at CA 00 01 03 10, p. 10, Section V(A).

31.     Therefore, all bodily injury and property damages resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

32.     The Limit of Insurance for Liability Coverage for the Policy is a combined single limit of $1,000,000.

33.     NICO OF THE SOUTH's duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**Underlying Claim**

34.     On or around March 5, 2018, BLANCO operated a 2018 Isuzu truck, Vin: JALE5W166J7303501, while in the course and scope of his employment with DISCOUNT ROCK.

35.     The 2018 Isuzu truck driven by BLANCO was, at all times material to this action, owned by DISCOUNT ROCK.

36.     The 2018 Isuzu truck driven by BLANCO was, at all times material to this action, a covered auto on the Policy, subject to the terms, conditions, and exclusions of the Policy.

37.     On or around March 5, 2018, BLANCO was involved in an automobile accident (the "Accident") with a vehicle operated by MARGARITA CORTES PARDO ("PARDO").

38.     At the time of the Accident, MARIA LOPEZ BERMEJO ROSSELLO ("ROSSELLO"), TERESA SANCHEZ QUETGLAS ("SANCHEZ"), and ANA GAITAN DIAZ ("GAITAN") were passengers in the vehicle driven by PARDO.

39.     With respect to the March 5, 2018 accident, both BLANCO and DISCOUNT ROCK qualify as insureds under the Policy.

40.     After the initial impact, the vehicle operated by PARDO was struck by an RV owned and operated by D. PINKERTON.

41.     At the time of the second impact, K. PINKERTON was a passenger in the RV owned and operated by D. PINKERTON.

42.     PARDO, GAITAN, SANCHEZ, and ROSSELLO died at the scene due to injuries sustained in the Accident.

43.     As a result of the Accident, D. PINKERTON claims to have suffered bodily injury and property damage.

44.     As a result of the Accident and D. PINKERTON's alleged claims related thereto, K. PINKERTON claims to have suffered a loss of consortium.

45.     On or about June 29, 2018, the ESTATE OF SANCHEZ, the ESTATE OF GAITAN, the ESTATE OF ROSSELLO, and the ESTATE OF PARDO filed a Complaint against DISCOUNT ROCK and BLANCO. A true and correct copy of the Underlying Lawsuit is attached as **Exhibit 2**.

46.     On or about June 6, 2019, D. PINKERTON and K. PINKERTON filed a Complaint against BLANCO and DISCOUNT ROCK.  A true and correct copy of the Pinkerton Lawsuit is attached as **Exhibit 3**.

**Pre-Suit Claim Handling**

47.    On or about March 12, 2018, NICO OF THE SOUTH sent correspondence to BLANCO and DISCOUNT ROCK advising that NICO OF THE SOUTH had received notice of the Accident.

48.    Therein, NICO OF THE SOUTH advised that it would, attempt to resolve all claims within the policy; however, there was a possibility that it would be unable to do so.

49.    NICO OF THE SOUTH further advised that NICO OF THE SOUTH would not indemnify BLANCO or DISCOUNT ROCK for any recovery in excess of the Policy's liability limits.

50.    NICO OF THE SOUTH also advised DISCOUNT ROCK and BLANCO that financial information would likely be requested from them by the claimants, and should they decline to provide financial information, NICO OF THE SOUTH's ability to settle the claims may be compromised.

51.    NICO OF THE SOUTH retained Bruce Trybus, Esq., of Cooney Trybus Kwavnick Peets, to defend DISCOUNT ROCK and BLANCO.

52.    On or about March 13, 2018, NICO OF THE SOUTH received a letter of representation from Silva & Silva, P.A., on behalf of the estates for two of the four decedents.

53.    The March 13, 2018 letter from Silva & Silva, P.A. also requested disclosure of all known policies of insurance that provide liability insurance coverage for the Estate's claims.

54.    On March 21, 2018, NICO OF THE SOUTH responded to the Estates' insurance disclosure request.

55.    On March 26, 2018 NICO OF THE SOUTH received a letter of representation from the Goldberg Noone, LLC law firm on behalf of Daniel Pinkerton.

8

56.     The Pinkerton March 26, 2018 letter also requested disclosure of all known policies of insurance that provide liability insurance coverage for the Pinkerton claims.

57.     On April 9, 2018 NICO OF THE SOUTH responded to the Pinkerton insurance disclosure request.

58.     On or about April 10, 2018, NICO OF THE SOUTH, through its counsel, tendered the Policy limits of $1,000,000 to the Estates, D. PINKERTON, and K. PINKERTON, in exchange for a general release from all of the claimants on behalf of DISCOUNT ROCK and BLANCO. A true and accurate copy of NICO OF THE SOUTH's April 10, 2018 letter is attached hereto as **Exhibit 4**.

59.     In the event that the claimants would be unable to reach an agreement as to the distribution of the Policy limits, NICO OF THE SOUTH also scheduled a Settlement Conference to take place on May 14, 2018. *Id.*

60.     On April 12, 2018, through its counsel, NICO OF THE SOUTH sent letters both DISCOUNT ROCK and BLANCO explaining the insureds' potential exposure to an excess judgment arising out of the accident, in light of the policy having a combined single limit of $1,000,000 and the large number of claimants who were killed or injured.

61.     Personal counsel for both BLANCO and DISCOUNT ROCK were copied on the April 12, 2018 letter.

62.     On or about April 20, 2018, NICO OF THE SOUTH received a letter from the Silva & Silva law firm advising that they now represented all four families of the women who were killed in this accident (the "Estates").

63.     Therein, the Estates rejected the NICO OF THE SOUTH tender of policy limits on behalf of all of the claimants, and any consideration that any portion of the $1,000,000 limit be paid to the Pinkertons.

64.     Specifically, the Estates alleged that the Pinkertons bore responsibility for the accident, and a demand for D. PINKERTON's $500,000 policy limits had been made by the Estates.

65.     In the same letter, the families demanded NICO OF THE SOUTH tender the $1,000,000 limit within 21 days to the Estates only, and specifically conditioned acceptance of the offer on "the insured" providing financial information and completing the financial affidavit, enclosed therewith.

66.     On or about April 20, 2018, the Estates' letter rejecting any consideration of the $1,000,000, limit being paid to the Pinkertons was sent to Andrea Cox, Esq., of Saul Ewing Arnstein & Lehr, LLP, which serves as personal counsel for DISCOUNT ROCK in this matter.

67.     On or about April 23, 2018, NICO OF THE SOUTH received a demand from D. PINKERTON in the amount of $157,347.

68.     On or about April 23, 2018, DISCOUNT ROCK, through its personal counsel, Andrea Cox, Esq., advised NICO OF THE SOUTH that it would not be providing a financial affidavit to the Estates, and it would not participate in the May 14, 2018 Settlement Conference.

69.     Specifically, the letter from Ms. Cox provides, "I will analyze the excess exposure risks and assess how to resolve them.  Therefore, be advised that Discount Rock & Sand will not be providing National Indemnity with a financial affidavit." A true and accurate copy of DISCOUNT ROCK's April 23, 2018 letter is attached hereto as **Exhibit 5**.

70.     On April 26, 2018, NICO OF THE SOUTH sent a letter to DISCOUNT ROCK, BLANCO and Ms. Cox with an update on the settlement negotiations to date enclosing a copy of the April 20, 2021 Silva Demand.

71.     The letter explains that the Estates' demand was conditioned on both a  tender of the insurance policy limits as well as receipt of the attached financial affidavits on behalf of the insureds within 21 days and that Discount Rock's stated unwillingness to execute the financial affidavit made it impossible to accept the Silva demand by its terms and that NICO OF THE SOUTH's ability to settle the claims of the Silva claimants as to both DISCOUNT ROCK and BLANCO  may be comprised and a lawsuit filed.

72.     The April 26, 2018 NICO OF THE SOUTH letter requested that DISCOUNT ROCK and BLANCO review, complete, and return the requested affidavits.

73.     On May 1, 2018, NICO OF THE SOUTH advised DISCOUNT ROCK through its personal counsel that it had recently received information regarding Mr. Pinkerton's injuries and planned to tender the $1,000,000 limits to the Silva claimants in exchange for a release of DISCOUNT ROCK and BLANCO and again requested that DISCOUNT ROCK provide the requested financial affidavit.

74.     On or about May 3, 2018, NICO OF THE SOUTH, through its counsel, sent correspondence to Ms. Cox. Therein, NICO OF THE SOUTH confirmed DISCOUNT ROCK's refusal to provide a financial affidavit and reiterated that NICO OF THE SOUTH would be unable to resolve the Estates' claims without said affidavit. A true and accurate copy of NICO OF THE SOUTH's May 3, 2018 letter is attached hereto as **Exhibit 6**.

75.     On May 10, 2018, NICO OF THE SOUTH tendered a draft check in the amount of the Policy limits of $1,000,000 to the Estates, in exchange for a release of DISCOUNT ROCK and

BLANCO. A true and accurate copy of NICO OF THE SOUTH's May 10, 2018 letter is attached hereto as **Exhibit 7**.

76.     On May 11, 2018, the Estates acknowledged receipt of the NICO OF THE SOUTH check for its Policy limits of $1,000,000 but advised they would not execute a release of DISCOUNT ROCK or BLANCO, as they had not received any financial disclosures from DISCOUNT ROCK. The letter provides the Silva firm was aware that DISCOUNT ROCK had refused to provide the financial affidavit, but that personal counsel for BLANCO would be providing a financial affidavit. A true and accurate copy of the Estates' May 11, 2018 letter is attached hereto as **Exhibit 8**.

77.     On May 14, 2018, NICO OF THE SOUTH responded and advised that it would not tender the Policy limits without a release of DISCOUNT ROCK and BLANCO from the Silva claimants. NICO OF THE SOUTH further advised that the tender of the Policy limits in exchange for a release of DISCOUNT ROCK and BLANCO would remain open for acceptance by the Estates. A true and accurate copy of NICO OF THE SOUTH's May 14, 2018 letter is attached hereto as **Exhibit 9**.

78.     On May 14, 2018, the parties participated in a global settlement conference in which counsel for both the Silva claimants and the Pinkertons participated. NICO OF THE SOUTH again tendered the Policy limits to resolve all claims, in exchange for a release of DISCOUNT ROCK and BLANCO.

79.     The tender was not accepted, as the Estates refused to agree to a global settlement that included allocation of any of the limits to the Pinkertons.

80.     The Estates again stated that they would not release DISCOUNT ROCK or BLANCO without a financial affidavit.

81.     Thereafter, NICO OF THE SOUTH received a financial affidavit from BLANCO.

82.     On or about May 25, 2018, the financial affidavit of BLANCO was provided to the Estates.

83.     DISCOUNT ROCK repeatedly stated that it would not provide the Estates with any financial disclosures.

84.     DISCOUNT ROCK never provided the Estates with the requested financial disclosure or affidavit.

85.     As a result, NICO OF THE SOUTH was not provided with a reasonable opportunity to resolve the Estates' claims, individually or collectively, in exchange for a release of DISCOUNT ROCK.

**Post-Suit Claim Handling**

86.     On June 29, 2018, the Estates filed the Underlying Action.

87.     On July 6, 2018 the Silva firm returned the $1,000,000 check to NICO OF THE SOUTH stating, "We will not be able to accept said monies as your insured has not provided an executed financial affidavit or other financial disclosures despite our multiple requests." A true and accurate copy of the Estates July 6, 2018 rejection letter is attached hereto as **Exhibit 10**.

88.     In September 2018, Ms. Cox demanded that NICO OF THE SOUTH replace defense counsel and recommended that she personally take over as defense counsel for DISCOUNT ROCK.

89.     In response, NICO OF THE SOUTH agreed, and Ms. Cox substituted in as counsel for DISCOUNT ROCK.

90.     NICO OF THE SOUTH retained Ken Olsen, Esq., of The Olsen Law Firm, to substitute as counsel for BLANCO.

91.     On June 6, 2019, the Pinkertons filed suit against DISCOUNT ROCK and BLANCO for their alleged injuries arising out of this accident.

92.     On June 14, 2019, NICO OF THE SOUTH and the parties to the Underlying Action attended mediation.

93.     At mediation, the Estates demanded NICO OF THE SOUTH pay money in excess of the Policy Limits in order to secure a release of DISCOUNT ROCK and BLANCO for the Silva Claims.  NICO OF THE SOUTH reiterated its willingness to pay its policy limits on behalf of DISCOUNT ROCK and BLANCO in exchange for a release of the Silva claims.

94.     On December 31, 2019, NICO OF THE SOUTH advised DISCOUNT ROCK and BLANCO of NICO OF THE SOUTH's intent to tender the $1,000,000 Policy limits in exchange for release of DISCOUNT ROCK only.

95.     On January 8, 2020, NICO OF THE SOUTH tendered the Policy limits to the Estates in exchange for release of DISCOUNT ROCK, only. A copy of NICO OF THE SOUTH's January 8, 2020 letter to the Estates is attached hereto as **Exhibit 11**.

96.     The Estates rejected this tender.

97.     On January 14, 2020, NICO OF THE SOUTH advised DISCOUNT ROCK and BLANCO of NICO OF THE SOUTH's intent to tender the Policy limits in exchange for release of BLANCO only.

98.     Prior to tendering the Policy limits in exchange for release of BLANCO only, the Estates inquired as to the possibility of NICO OF THE SOUTH tendering the Policy limits on behalf of two of the Estates in exchange for a release of DISCOUNT ROCK and BLANCO.

99.     According to the Estates' expert economist, the ESTATE OF GAITAN and the ESTATE OF ROSSELLO were the largest economic claims.

100.    On January 22, 2020, NICO OF THE SOUTH advised DISCOUNT ROCK and BLANCO of NICO OF THE SOUTH's intent to tender the Policy limits to the ESTATE OF GAITAN and the ESTATE OF ROSSELLO in exchange for releases of DISCOUNT ROCK and BLANCO.

101.    On January 24, 2020, NICO OF THE SOUTH tendered the Policy limits to the ESTATE OF GAITAN and the ESTATE OF ROSSELLO in exchange for a release of DISCOUNT ROCK and BLANCO. A copy of NICO OF THE SOUTH's January 24, 2020 letter to the Estates is attached hereto as **Exhibit 12**.

102.    The ESTATE OF GAITAN and the ESTATE OF ROSSELLO rejected this tender.

103.    At that time, the Estates advised NICO OF THE SOUTH that there was no Estate or combination of Estates that would be willing to accept the Policy limits in exchange for a release of DISCOUNT ROCK and BLANCO.

104.    On January 27, 2020, NICO OF THE SOUTH advised DISCOUNT ROCK and BLANCO of NICO OF THE SOUTH's intent to tender the Policy limits to the Estates in exchange for releases of BLANCO only.

105.    On January 28, 2020, NICO OF THE SOUTH tendered the Policy limits to the Estates in an exchange for a release of BLANCO. A copy of NICO OF THE SOUTH's January 28, 2020 letter to the Estates is attached hereto as **Exhibit 13**.

106.    On January 29, 2020, the Estates agreed to accept a tender of the Policy Limits in exchange for a release of BLANCO.

107.    On February 10, 2020, NICO OF THE SOUTH paid its $1,000,000 combined single limit under the policy to Silva & Silva, P.A., on behalf of the Estates in exchange for the release of BLANCO.

108.    On March 3, 2020, the Estates sent NICO OF THE SOUTH fully executed releases in regard to the settlement as to BLANCO.

109.    On July 14, 2021, NICO OF THE SOUTH attended another mediation with the Estates.

110.    At the July 14, 2021 mediation, two of the Estates stated that they would not voluntarily resolve their claims and refused to make demands.

111.    On July 19, 2021, the Estates' trial against DISCOUNT ROCK commenced.

112.    On July 23, 2021, the jury returned a verdict in favor of the Estates for a total of $11,800,000.

<u>**COUNT I  DECLARATORY RELIEF AS TO
GOOD FAITH CLAIM HANDLING**</u>

113.    NICO OF THE SOUTH realleges and incorporates by reference the allegations in paragraphs 1 through 112 above.

114.    NICO OF THE SOUTH acted in good faith in the handling of this claim, evaluated this claim properly and, based on the information known and available to it at the time, made every attempt to settle all claims against BLANCO and DISCOUNT ROCK within DISCOUNT ROCK's Policy limits.

115.    NICO OF THE SOUTH acted promptly and without delay in its evaluation of the claims and all other aspects of claim handling at issue.

116.    NICO OF THE SOUTH timely disclosed of its insurance policy.

117.    NICO OF THE SOUTH timely tendered its Policy limits.

118.    NICO OF THE SOUTH attempted to obtain a financial affidavit from DISCOUNT ROCK.

119.     NICO OF THE SOUTH never had a realistic opportunity to resolve the Estates'
and the PINKERTON claims against DISCOUNT ROCK and BLANCO within the Policy limits.

120.     NICO OF THE SOUTH never had a realistic opportunity to resolve the Estates'
claims against DISCOUNT ROCK and BLANCO within the Policy limits.

121.     NICO OF THE SOUTH never had a realistic opportunity to resolve the Estates'
and PINKERTON claims against BLANCO within the Policy limits.

122.     NICO OF THE SOUTH never had a realistic opportunity to resolve the Estates'
and PINKERTON claims against DISCOUNT ROCK within the Policy limits.

123.      NICO OF THE SOUTH never had a realistic opportunity to resolve just the
Estates' claims against DISCOUNT ROCK within the Policy limits.

124.     NICO OF THE SOUTH never had a realistic opportunity to resolve the claims
made by the ESTATE OF PARDO against BLANCO and DISCOUNT ROCK within the Policy
limits.

125.     NICO OF THE SOUTH never had a realistic opportunity to resolve the claims
made by the ESTATE OF SANCHEZ against BLANCO and DISCOUNT ROCK within the Policy
limits.

126.     NICO OF THE SOUTH never had a realistic opportunity to resolve the claims
made by the ESTATE OF GAITAN against BLANCO and DISCOUNT ROCK within the Policy
limits.

127.     NICO OF THE SOUTH never had a realistic opportunity to resolve the claims
made by the ESTATE OF ROSSELLO against BLANCO and DISCOUNT ROCK within the
Policy limits.

128.    NICO OF THE SOUTH never had a realistic opportunity to resolve the claims made by the ESTATE OF PARDO against just DISCOUNT ROCK within the Policy limits.

129.    NICO OF THE SOUTH never had a realistic opportunity to resolve the claims made by the ESTATE OF SANCHEZ against just DISCOUNT ROCK within the Policy limits.

130.    NICO OF THE SOUTH never had a realistic opportunity to resolve the claims made by the ESTATE OF GAITAN against just DISCOUNT ROCK within the Policy limits.

131.    NICO OF THE SOUTH never had a realistic opportunity to resolve the claims made by the ESTATE OF ROSSELLO against just DISCOUNT ROCK within the Policy limits.

132.    NICO OF THE SOUTH informed DISCOUNT ROCK and BLANCO of all settlement communications, negations and offers in all fundamental respects.

133.    NICO OF THE SOUTH acted in good faith when it tendered the Policy limits of $1,000,000 to resolve the claims made by the Estates against BLANCO.

134.    NICO OF THE SOUTH seeks a declaration from the Court that NICO OF THE SOUTH properly and fully discharged its obligations of good faith in the handling of the subject claims, and that NICO OF THE SOUTH is without liability to DISCOUNT ROCK and/or BLANCO for any amount over and above the limits of the Policy.

135.    There is a bona fide, present, practical need for the declaration.

136.    The declaration pertains to a present, ascertainable set of facts and controversy amongst the parties.

137.    NICO OF THE SOUTH's rights under the Policy are dependent upon the present, ascertainable facts and law and the Court's applicable thereof to the Policy and such facts.

138.    The Defendants have a present, antagonistic interest to NICO OF THE SOUTH under the Policy and subject matter of this action, either in fact or law.

139.    The relief sought by NICO OF THE SOUTH is not merely for the purpose of obtaining legal advice from the Court or answers to questions propounded out of curiosity.

WHEREFORE, NATIONAL INDEMNITY COMPANY OF THE SOUTH requests' final declaratory judgment in its favor:

A. Declaring NICO OF THE SOUTH discharged its obligations under its Policy and applicable law in good faith with due regard for its insureds' best interests with respect to the clams made against DISCOUNT ROCK and BLANCO as a result of the Accident;

B. Declaring NICO OF THE SOUTH is without liability for any amount over and above the limits of the Policy;

C. Declaring Defendants take nothing by this action;

D. Granting NATIONAL INDEMNITY COMPANY OF THE SOUTH the costs of this action and other relief as this Court deems equitable, just, and proper.

## COUNT II DECLARATORY RELIEF AS TO
## DUTY TO DEFEND AND INDEMNIFY

140.    NICO OF THE SOUTH re-alleges and incorporates by reference the allegations in paragraphs 1 through 112 above.

141.    By resolving claims made against BLANCO in the Underlying Lawsuit, NICO OF THE SOUTH paid the Policy's liability limit.

142.    An actual, present, and existing controversy has arisen between the parties as to NICO OF THE SOUTH's obligations, if any, with respect to the claims being asserted against BLANCO and DISCOUNT ROCK by D. PINKERTON and K. PINKERTON in the Pinkerton Lawsuit.

19

143.    An actual, present, and existing controversy has arisen between the parties as to NICO OF THE SOUTH's post-trial and/or appellate obligations, if any, with respect to the claims being asserted against DISCOUNT ROCK by the Estates in the Underlying Lawsuit.

144.    NICO OF THE SOUTH seeks a judicial declaration of no duty to defend either BLANCO or DISCOUNT ROCK with respect to the claims made in the Pinkerton Lawsuit, and thus no duty to indemnify either DISCOUNT ROCK or BLANCO with respect to the claims made in the Pinkerton Lawsuit.

145.    NICO OF THE SOUTH also seeks a judicial declaration of no duty to defend DISCOUNT ROCK with respect to the claims made in the Underlying Lawsuit, and thus no duty to indemnify either DISCOUNT ROCK with respect to the judgment entered in the Underlying Lawsuit.

146.    There is a *bona fide*, actual, present need for the declaration of NICO OF THE SOUTH's rights and obligations under the Policy, if any.

147.    This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

148.    NICO OF THE SOUTH has no adequate remedy at law.

WHEREFORE, NATIONAL INDEMNITY COMPANY OF THE SOUTH requests' final declaratory judgment in its favor:

A.  Find and declare that there is no duty to defend BLANCO and/or DISCOUNT ROCK with respect to the claims asserted in the Pinkerton Lawsuit.

B.  Find and declare that there is no duty to indemnify BLANCO and/or DISCOUNT ROCK with respect to the claims asserted in the Pinkerton Lawsuit.

C.  Find and declare that there is no duty to defend DISCOUNT ROCK with respect to post-trial and/or appellate matters related to the claims asserted in the Underlying Lawsuit.

D.  Find and declare that there is no duty to indemnify DISCOUNT ROCK with respect to the judgment entered in the Underlying Lawsuit.

E.  Granting NATIONAL INDEMNITY COMPANY OF THE SOUTH the costs of this action and other relief as this Court deems equitable, just, and proper.

Dated:  August 6, 2021.

Respectfully submitted,

**KAUFMAN DOLOWICH & VOLUCK LLP**

*/s/ Jesse D. Drawas*
Jesse D. Drawas, Esq.
Fla. Bar No. 68654
Email: jdrawas@kdvlaw.com
One Financial Plaza
100 SE Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Tel: (954) 302-2244
Fax: (888) 464-7982
*Attorney for NICO of The South*

# EXHIBIT 1

**National Indemnity Company of the South**

A STOCK COMPANY

# COMMERCIAL POLICY

Report **ALL** Accidents To:

# 1-800-356-5750

**24 Hour**          **Toll Free**

| IMPORTANT NOTICE |
|---|
| **TO AUTOMOBILE POLICYHOLDERS** |
| If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in termination of your policy. |

THESE POLICY PROVISIONS WITH THE DECLARATIONS PAGE, COVERAGE FORM
AND ENDORSEMENTS, IF ANY, COMPLETE THIS POLICY. THIS POLICY IS A LEGAL
CONTRACT BETWEEN THE POLICY OWNER AND THE COMPANY.

**READ YOUR POLICY CAREFULLY**

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

# COMMON POLICY CONDITIONS

**All Coverages included in this policy are subject to the following conditions:**

A. **CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

B. **CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

C. **EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

D. **INSPECTIONS AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the condition we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

E. **PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

F. **TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

1. The insurance does not apply:

    A. Under any Liability Coverage, to "bodily injury" or "property damage":

    (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:

    (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.

    (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or

    (3) The "bodily injury" or "property damage" arises out of the furnishings by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

    "Hazardous properties" include radioactive, toxic or explosive properties;

    "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

    "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

    "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

    "Nuclear facility" means:

    (a) Any "nuclear reactor";

    (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

    (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

    (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

    and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

    "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    "Property damage" includes all forms of radioactive contamination of property.

M-5712 (07/2012)

# NOTICE OF CHANGE IN POLICY TERMS

**INSURED:**   **DISCOUNT ROCK & SAND INC**

**COMPANY:**   **National Indemnity Company of the South**

| | | | | | |
|---|---|---|---|---|---|
| **RENEWAL POLICY #:** | 74 APB 002326 | **POLICY TERM:** | **02/28/2018** | to | **02/28/2019** |
| **EXPIRING POLICY #:** | 74 APB 001755 | **POLICY TERM:** | **02/28/2017** | to | **02/28/2018** |

This insurance policy, which is a renewal of the expiring policy listed above, has changes in coverage initiated by the Company. The changes in coverage are listed below. **TO UNDERSTAND YOUR POLICY AND THESE CHANGES, PLEASE READ YOUR POLICY CAREFULLY.** If you have any questions, please contact your insurance agent.

**RENEWAL POLICY CHANGES:**

| | |
|---|---|
| New Form | **M 5905 (6/2017) Policyholder Notice - Contact Information** |
| New Form | **M 5906 (6/2017) Policyholder Notice Florida Payment of Settlement or Judgment** |

### FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                                   EFFECTIVE DATE:
**74 APB 002326 - 01508**                        **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **INTERNATIONAL TRUCK**                YEAR:    **2002**
VEHICLE ID #:    **1HTWGADT52J037853**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - CUT ALONG THIS LINE - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

---

### FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                                   EFFECTIVE DATE:
**74 APB 002326 - 01508**                        **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **INTERNATIONAL TRUCK**                YEAR:    **2002**
VEHICLE ID #:    **1HTWGADT52J037853**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - CUT ALONG THIS LINE - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

---

### FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                                   EFFECTIVE DATE:
**74 APB 002326 - 01508**                        **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **GMC TRUCK**                          YEAR:    **1999**
VEHICLE ID #:    **1GDJ7C1C6XJ501307**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

---

### FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                                   EFFECTIVE DATE:
**74 APB 002326 - 01508**                        **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **GMC TRUCK**                          YEAR:    **1999**
VEHICLE ID #:    **1GDJ7C1C6XJ501307**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:   **National Indemnity Company of the South**
POLICY NUMBER:                                 EFFECTIVE DATE:
**74 APB 002326 - 01508**                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                        LIABILITY

INSURED:   **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:   **CHEVROLET TRUCK**            YEAR:   **2005**
VEHICLE ID #:   **J8BC4B16457014165**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:   **National Indemnity Company of the South**
POLICY NUMBER:                                 EFFECTIVE DATE:
**74 APB 002326 - 01508**                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                        LIABILITY

INSURED:   **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:   **CHEVROLET TRUCK**            YEAR:   **2005**
VEHICLE ID #:   **J8BC4B16457014165**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:   **National Indemnity Company of the South**
POLICY NUMBER:                                 EFFECTIVE DATE:
**74 APB 002326 - 01508**                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                        LIABILITY

INSURED:   **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:   **FORD TRUCK**                 YEAR:   **2002**
VEHICLE ID #:   **1FDAF56F72EB74855**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:   **National Indemnity Company of the South**
POLICY NUMBER:                                 EFFECTIVE DATE:
**74 APB 002326 - 01508**                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                        LIABILITY

INSURED:   **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:   **FORD TRUCK**                 YEAR:   **2002**
VEHICLE ID #:   **1FDAF56F72EB74855**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                                         EFFECTIVE DATE:
**74 APB 002326 - 01508**                          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                            LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **MACK TRUCK**                          YEAR:   **2000**
VEHICLE ID #:     **1M2P264C4YM030523**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                                         EFFECTIVE DATE:
**74 APB 002326 - 01508**                          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                            LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **MACK TRUCK**                          YEAR:   **2000**
VEHICLE ID #:     **1M2P264C4YM030523**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                                         EFFECTIVE DATE:
**74 APB 002326 - 01508**                          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                            LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **PETERBILT TRACTOR**                   YEAR:   **1997**
VEHICLE ID #:     **1XP5D68XXVD415615**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                                         EFFECTIVE DATE:
**74 APB 002326 - 01508**                          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                            LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **PETERBILT TRACTOR**                   YEAR:   **1997**
VEHICLE ID #:     **1XP5D68XXVD415615**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                    **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/      [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                     LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **MACK TRACTOR**          YEAR:   **1990**
VEHICLE ID #:     **1M2AA14Y0LW005655**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

---- CUT ALONG THIS LINE ----

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

---- CUT ALONG THIS LINE ----

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                    **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/      [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                     LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **MACK TRACTOR**          YEAR:   **1990**
VEHICLE ID #:     **1M2AA14Y0LW005655**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

---- CUT ALONG THIS LINE ----

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

---- CUT ALONG THIS LINE ----

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                    **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/      [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                     LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **MACK TRUCK**          YEAR:   **1993**
VEHICLE ID #:     **1M2B209C7PM010667**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

---- CUT ALONG THIS LINE ----

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

---- CUT ALONG THIS LINE ----

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                    **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/      [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                     LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:     **MACK TRUCK**          YEAR:   **1993**
VEHICLE ID #:     **1M2B209C7PM010667**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

---- CUT ALONG THIS LINE ----

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour       Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

---- CUT ALONG THIS LINE ----

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                    EFFECTIVE DATE:
**74 APB 002326** - 01508          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:     **FREIGHTLINER TRUCK**          YEAR:     **2003**

VEHICLE ID #:     **1FVBGA823PK31597**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour          Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                    EFFECTIVE DATE:
**74 APB 002326** - 01508          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:     **FREIGHTLINER TRUCK**          YEAR:     **2003**

VEHICLE ID #:     **1FVBGA823PK31597**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour          Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                    EFFECTIVE DATE:
**74 APB 002326** - 01508          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:     **PETERBILT TRACTOR**          YEAR:     **1998**

VEHICLE ID #:     **1XP5DR9X3WD447906**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour          Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**
COMPANY:     **National Indemnity Company of the South**
POLICY NUMBER:                    EFFECTIVE DATE:
**74 APB 002326** - 01508          **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/    [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                    LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:     **PETERBILT TRACTOR**          YEAR:     **1998**

VEHICLE ID #:     **1XP5DR9X3WD447906**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour          Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        01508
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                                  LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **KENWORTH TRACTOR**              YEAR:   **1995**

VEHICLE ID #:        **1XKDD69X1SS651206**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - CUT ALONG THIS LINE - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        01508
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                                  LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **KENWORTH TRACTOR**              YEAR:   **1995**

VEHICLE ID #:        **1XKDD69X1SS651206**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - CUT ALONG THIS LINE - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        01508
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                                  LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **MACK TRUCK**              YEAR:   **2007**

VEHICLE ID #:        **1M2AG11C87M068091**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - CUT ALONG THIS LINE - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        01508
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                                          EFFECTIVE DATE:
**74 APB 002326 - 01508**                                      **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
    PROPERTY DAMAGE LIABILITY                                  LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **MACK TRUCK**              YEAR:   **2007**

VEHICLE ID #:        **1M2AG11C87M068091**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - CUT ALONG THIS LINE - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - CUT ALONG THIS LINE - - -

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        **01508**
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                    EFFECTIVE DATE:
**74 APB 002326 - 01508**                           **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                          LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **MACK TRUCK**                        YEAR:    **1999**

VEHICLE ID #:        **1M2P267C9XM047697**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
**M-5476 (04/2010)**

- - - - - CUT ALONG THIS LINE - - - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        **01508**
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                    EFFECTIVE DATE:
**74 APB 002326 - 01508**                           **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                          LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **MACK TRUCK**                        YEAR:    **1999**

VEHICLE ID #:        **1M2P267C9XM047697**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
**M-5476 (04/2010)**

- - - - - CUT ALONG THIS LINE - - - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        **01508**
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                    EFFECTIVE DATE:
**74 APB 002326 - 01508**                           **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                          LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **ISUZU TRUCK**                        YEAR:    **2007**

VEHICLE ID #:        **JALE5B16577301479**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
**M-5476 (04/2010)**

- - - - - CUT ALONG THIS LINE - - - - -

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - - - CUT ALONG THIS LINE - - - - -

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:        **01508**
COMPANY:        **National Indemnity Company of the South**
POLICY NUMBER:                                    EFFECTIVE DATE:
**74 APB 002326 - 01508**                           **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/        [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                          LIABILITY

INSURED:        **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:        **ISUZU TRUCK**                        YEAR:    **2007**

VEHICLE ID #:        **JALE5B16577301479**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
**M-5476 (04/2010)**

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

- - - - - CUT ALONG THIS LINE - - - - -

## FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    01508
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                              EFFECTIVE DATE:
**74 APB 002326 - 01508**                **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                              LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:    **MACK TRACTOR**                    YEAR:    **1996**

VEHICLE ID #:    **1M2P264Y0TM021872**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

### THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

## FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    01508
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                              EFFECTIVE DATE:
**74 APB 002326 - 01508**                **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                              LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:    **MACK TRACTOR**                    YEAR:    **1996**

VEHICLE ID #:    **1M2P264Y0TM021872**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

### THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

## FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    01508
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                              EFFECTIVE DATE:
**74 APB 002326 - 01508**                **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                              LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:    **STERLING TRACTOR**                YEAR:    **2004**

VEHICLE ID #:    **2FWBA2CV34AM55525**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

### THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

## FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD

COMPANY NUMBER:    01508
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                              EFFECTIVE DATE:
**74 APB 002326 - 01508**                **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
PROPERTY DAMAGE LIABILITY                              LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:    **STERLING TRACTOR**                YEAR:    **2004**

VEHICLE ID #:    **2FWBA2CV34AM55525**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

### THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                EFFECTIVE DATE:
**74 APB 002326 - 01508**        **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY    [X] BODILY INJURY LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/ MODEL:    **KENWORTH TRACTOR**      YEAR: **1991**

VEHICLE ID #:    **1XKDA68X8MJ566303**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                EFFECTIVE DATE:
**74 APB 002326 - 01508**        **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY    [X] BODILY INJURY LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/ MODEL:    **KENWORTH TRACTOR**      YEAR: **1991**

VEHICLE ID #:    **1XKDA68X8MJ566303**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                EFFECTIVE DATE:
**74 APB 002326 - 01508**        **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY    [X] BODILY INJURY LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/ MODEL:    **KENWORTH TRACTOR**      YEAR: **1994**

VEHICLE ID #:    **1XKADB9X7RJ636057**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER:                EFFECTIVE DATE:
**74 APB 002326 - 01508**        **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY    [X] BODILY INJURY LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**

MAKE/ MODEL:    **KENWORTH TRACTOR**      YEAR: **1994**

VEHICLE ID #:    **1XKADB9X7RJ636057**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**          **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                      LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **KENWORTH TRACTOR**          YEAR:  **2000**
VEHICLE ID #:    **1NKDLU9X3YJ842724**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**          **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                      LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **KENWORTH TRACTOR**          YEAR:  **2000**
VEHICLE ID #:    **1NKDLU9X3YJ842724**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**          **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                      LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **ISUZU TRUCK**          YEAR:  **2016**
VEHICLE ID #:    **JALB4W173G7F01463**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:  **01508**
COMPANY:    **National Indemnity Company of the South**
POLICY NUMBER:                          EFFECTIVE DATE:
**74 APB 002326 - 01508**          **02/28/2018 12:01 AM**
[X] PERSONAL INJURY PROTECTION BENEFITS/     [X] BODILY INJURY
     PROPERTY DAMAGE LIABILITY                      LIABILITY

INSURED:    **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL:    **ISUZU TRUCK**          YEAR:  **2016**
VEHICLE ID #:    **JALB4W173G7F01463**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour      Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER: EFFECTIVE DATE:
**74 APB 002326 - 01508** **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

INSURED: **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL: **FREIGHTLINER TRACTOR**     YEAR: **2016**
VEHICLE ID #: **3ALXA7004GDGS0864**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour     Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER: EFFECTIVE DATE:
**74 APB 002326 - 01508** **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

INSURED: **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL: **FREIGHTLINER TRACTOR**     YEAR: **2016**
VEHICLE ID #: **3ALXA7004GDGS0864**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour     Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER: EFFECTIVE DATE:
**74 APB 002326 - 01508** **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

INSURED: **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL: **INTERNATIONAL TRACTOR**     YEAR: **2005**
VEHICLE ID #: **1HSHXAHR25J053444**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour     Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

---

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER: **01508**
COMPANY: **National Indemnity Company of the South**
POLICY NUMBER: EFFECTIVE DATE:
**74 APB 002326 - 01508** **02/28/2018 12:01 AM**

[X] PERSONAL INJURY PROTECTION BENEFITS/ PROPERTY DAMAGE LIABILITY     [X] BODILY INJURY LIABILITY

INSURED: **DISCOUNT ROCK & SAND INC**
MAKE/
MODEL: **INTERNATIONAL TRACTOR**     YEAR: **2005**
VEHICLE ID #: **1HSHXAHR25J053444**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

**THIS CARD MUST BE CARRIED IN THE INSURED
VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour     Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

CUT ALONG THIS LINE

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**

COMPANY:     **National Indemnity Company of the South**

POLICY NUMBER:                                          EFFECTIVE DATE:

**74 APB 002326  -  01508**                          **02/28/2018 12:01 AM**

[X]  PERSONAL INJURY PROTECTION BENEFITS/   [X]  BODILY INJURY
     PROPERTY DAMAGE LIABILITY                        LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:     **ISUZU TRUCK**                          YEAR:     **2018**

VEHICLE ID #:     **JALE5W166J7303501**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

·CUT ALONG· THIS LINE·

**FLORIDA AUTOMOBILE INSURANCE IDENTIFICATION CARD**

COMPANY NUMBER:     **01508**

COMPANY:     **National Indemnity Company of the South**

POLICY NUMBER:                                          EFFECTIVE DATE:

**74 APB 002326  -  01508**                          **02/28/2018 12:01 AM**

[X]  PERSONAL INJURY PROTECTION BENEFITS/   [X]  BODILY INJURY
     PROPERTY DAMAGE LIABILITY                        LIABILITY

INSURED:     **DISCOUNT ROCK & SAND INC**

MAKE/
MODEL:     **ISUZU TRUCK**                          YEAR:     **2018**

VEHICLE ID #:     **JALE5W166J7303501**

NOT VALID MORE THAN ONE YEAR FROM EFFECTIVE DATE
MISREPRESENTATION OF INSURANCE IS A FIRST DEGREE MISDEMEANOR

SEE IMPORTANT NOTICE ON REVERSE SIDE
M-5476 (04/2010)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THIS CARD MUST BE CARRIED IN THE INSURED**
**VEHICLE FOR PRODUCTION UPON DEMAND**

Report All Accidents To:

**1-800-356-5750**

24 Hour        Toll Free

Claims may also be reported at:
claims@nationalindemnity.com

·CUT ALONG· THIS LINE·

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

| 74APB001755 |
| --- |
| RENEWAL NUMBER |

# NATIONAL INDEMNITY COMPANY OF THE SOUTH
## CORALVILLE, IOWA
## BUSINESS AUTO COVERAGE DECLARATIONS

☐ The Declarations include a second part designated **"Part 2".**

CROSS REFERENCE NUMBER

**74 APB 002326**

**Producer**

**ITEM ONE** NAMED INSURED & ADDRESS

**DISCOUNT ROCK & SAND INC**
**PO BOX 504484**
**MARATHON, FL 33050**

SCU TAMPA, FL
3000 BAYPORT DR., STE 485
TAMPA, FL 33607

FORM OF NAMED INSURED'S BUSINESS:     **Corporation**

NAMED INSURED'S BUSINESS:     **CONTRACTOR**

POLICY PERIOD: Policy covers FROM     **02/28/2018 12:01 AM**     TO     **02/28/2019**     12:01 A.M. Standard Time at the Named Insured's Address stated above.

**ITEM TWO - SCHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Business Auto Coverage Form next to the name of the coverage

| COVERAGES | COVERED **AUTOS** (Entry of one or more of the symbols from the COVERED AUTOS Section of the Business Auto Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | PREMIUM |
| --- | --- | --- | --- |
| LIABILITY | 7 | $  **1,000,000 CSL** | |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | 7 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $  Deductible | |
| ADDED P.I.P. (or equivalent added No-fault cov.) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | |
| PROPERTY PROTECTION INSURANCE (P.P.I.) (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $  Deductible FOR EACH ACCIDENT | |
| AUTO MEDICAL PAYMENTS | | $ | |
| UNINSURED MOTORISTS | | $ | |
| UNDERINSURED MOTORISTS (when not included in Uninsured Motorists coverage) | | $ | |
| PHYSICAL DAMAGE INSURANCE | | | |
| COMPREHENSIVE COVERAGE | 7 | $  **See M 3912b (08/2001)** | |
| SPECIFIED CAUSES OF LOSS | | $ | |
| COLLISION COVERAGE | 7 | $  **See M 3912b (08/2001)** | |
| TOWING AND LABOR | | $  Deductible FOR EACH COVERED **AUTO** | |

| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION | PREMIUM FOR ENDORSEMENTS |
| --- | --- |
| **See M4572 (12/1994)** | ESTIMATED TOTAL PREMIUM |

ENTER SYMBOL 10 DESCRIPTION HERE:

POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF$                          IF CANCELLED BY THE INSURED.

ITEM THREE - SCHEDULE OF COVERED AUTOS          **AS ATTACHED**

Countersigned At          **CRC Insurance Services, Inc.**
                         **Tampa, FL**                          By _____
                                                                 AUTHORIZED SIGNATURE

**In Witness whereof,** we have caused this policy to be executed and attested.

Secretary                                    President

## SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #          **74 APB 002326**

INSURED          **DISCOUNT ROCK & SAND INC**

EFFECTIVE        **02/28/2018 12:01 AM**

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5605 | 02/2011 | Business Auto Coverage Declarations |
| M 4572 | 12/1994 | Schedule of Forms and Endorsements at Policy Inception |
| M 4959a | 03/2002 | Schedule of Covered Autos |
| M 5872 | 04/2016 | Changes to Common Policy Conditions - Cancellation |
| CA 0001 | 03/2010 | Business Auto Coverage Form |
| M 3912b | 08/2001 | Stated Amount Insurance |
| CA 2210 | 01/2013 | Florida Personal Injury Protection |
| M 5732 | 11/2012 | Loss Payable Clause |
| CA 0128 | 02/2016 | Florida Changes |
| M 5850 | 10/2015 | Loss Control Program |
| M 5535 | 10/2010 | Policyholders Notice - Florida |
| M 5905 | 06/2017 | Policyholder Notice - Contact Information |
| M 5906 | 06/2017 | Policyholder Notice Florida Payment of Settlement or Judgment |
| M 5381 | 01/2013 | Florida Changes - Cancellation and Nonrenewal |
| M 5748 | 01/2013 | Embargo and Sanction Notice |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |

**Form Version 041001**

**03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D**

M-4572 (12/94)

## SCHEDULE OF COVERED AUTOS

M-4959a (03/2002)

POLICY NUMBER: **74 APB 002326**  EFFECTIVE DATE: **02/28/2018 12:01 AM**

NAMED INSURED : **DISCOUNT ROCK & SAND INC**

| Veh # | Year / Make / Model / VIN | Use (C,S or R) / Radius / Garaging Territory / Garaging City, State | GVW or Seating Capacity | Liab | UM/UIM | No-Fault | Med Pay | Addl Insd | In-Tow | Other | Limit Stated Amount or ACV | S/C | Spec Causes Comprehensive Premium / Deduct | Collision Premium / Deduct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2002 INTERNATIONAL TRUCK 1HTWGADT52J037853 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 2 | | | | | | | | |
| 2 | 1999 GMC TRUCK 1GDJ7C1C6XJ501307 | Commercial 100 Miles Territory 32 MARATHON, FL | 43,999 Lbs. | | | 6 | | | | | | | | |
| 3 | 2005 CHEVROLET TRUCK J88C4B16457014165 | Commercial 100 Miles Territory 32 MARATHON, FL | 20,000 Lbs. | | | 6 | | | | | | | | |
| 4 | 2002 FORD TRUCK 1FDAF56F72EB74855 | Commercial 100 Miles Territory 32 MARATHON, FL | 20,000 Lbs. | | | 6 | | | | | | | | |
| 5 | 2000 MACK TRUCK 1M2P264C4YM030523 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 2 | | | | | | | | |
| 6 | 1997 PETERBILT TRACTOR 1XP5D68XXVD415615 | Commercial 100 Miles Territory 32 MARATHON, FL | 70,000 Lbs. | | | 7 | | | | | | | | |
| 7 | 1990 MACK TRACTOR 1M2AA14Y0LW005655 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 5 | | | | | | | | |
| 8 | 1993 MACK TRUCK 1M2B209C7PM010667 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 2 | | | | | | | | |
| 9 | 2003 FREIGHTLINER TRUCK 1FVBGA823PK31597 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 2 | | | | | | | | |
| 10 | 1998 PETERBILT TRACTOR 1XP5DR9X3WD447906 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 7 | | | | | | | | |
| 11 | 1995 KENWORTH TRACTOR 1XKDD69X1SS651206 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 7 | | | | | | | | |
| 12 | 2007 MACK TRUCK 1M2AG11C87M060091 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 2 | | | | | | | | |
| 13 | 1999 MACK TRUCK 1M2P267C9XM047697 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | 2 | | | | | | | | |
| 14 | 2007 ISUZU TRUCK JALE5B16577301479 | Commercial 100 Miles Territory 32 MARATHON, FL | 19,999 Lbs. | | | 6 | | | | | | | | |
| 15 | 1996 MACK TRACTOR 1M2P264Y0TM021872 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | 3 | | | | | | | | |
| 16 | 2004 STERLING TRACTOR 2FWBA2CV34AM55525 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | 5 | | | | | | | | |

Premium for Endorsements

**SCHEDULE OF COVERED AUTOS**

M-4959a (03/2002)

| POLICY NUMBER: | **74 APB 002326** | | EFFECTIVE DATE: | **02/28/2018 12:01 AM** |
|---|---|---|---|---|

NAMED INSURED :   **DISCOUNT ROCK & SAND INC**

| Veh # | Year / Make / Model / VIN | Use (C,S or R) / Radius / Garaging Territory / Garaging City, State | GVW or Seating Capacity | Premiums | | | | | | | | Physical Damage | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Liab | UM/UIM | No-Fault | Med Pay | Addl Insd | In-Tow | Other | Limit Stated Amount or ACV | Sc | Spec Causes Comprehensive / Premium / Deduct | Collision / Premium / Deduct | |
| 17 | 1991 KENWORTH TRACTOR 1XKDA68X0MJ566303 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | | | | | | | | | |
| 18 | 1994 KENWORTH TRACTOR 1XKADB9X7RJ636057 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | | | | | | | | | |
| 19 | 2000 KENWORTH TRACTOR 1NKDLU9X3YJ842724 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | | | | | | | | | |
| 20 | 2001 HMDE TRAILER N0VIN0200212318 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | | | | | | | | | |
| 21 | 1993 DORSEY TRAILER 1DTV11522PA207407 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | | | | | | | | | |
| 22 | 1994 SUMMIT TRAILER 1S8AL4524R0000513 | Commercial 100 Miles Territory 32 MARATHON, FL | 80,000 Lbs. | | | | | | | | | | | |
| 23 | 2016 ISUZU TRUCK JALB4W173G7F01463 | Commercial 100 Miles Territory 32 MARATHON, FL | 20,000 Lbs. | | | | | | | | | | | |
| 24 | 2016 FREIGHTLINER TRACTOR 3ALXA7004GDGS0864 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | | | | | | | | | |
| 25 | 2005 INTERNATIONAL TRACTOR 1HSHXAHR25J053444 | Commercial 100 Miles Territory 32 MARATHON, FL | 45,001 Lbs. | | | | | | | | | | | |
| 26 | 2018 ISUZU TRUCK JALE5W166J7303501 | Commercial 100 Miles Territory 32 MARATHON, FL | 20,000 Lbs. | | | | | | | | | | | |
| | Premium for Endorsements | | | | | | | | | | | | | |

M-5872 (04/2016)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CHANGES TO COMMON POLICY CONDITIONS – CANCELLATION

The following are added to Paragraph **A.1. Cancellation** of the Common Policy Conditions:

    a. However, if you granted a power of attorney to obtain financing for the policy, the finance company must provide a written notice of cancellation to us. We will then cancel the policy as of the date:

        (1)  specified in the notice, or

        (2)  required under any applicable statute, regulation, or other policy provision,

    whichever is latest.

    b. If we filed proof of insurance on your behalf to a government agency, the law may require advance notice of cancellation to that agency. The date of cancellation will be extended as needed to comply.


All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **National Indemnity Company of the South** | **74 APB 002326** |
| | Endorsement Effective |
| | **02/28/2018 12:01 AM** |
| Named Insured | Countersigned at |
| **DISCOUNT ROCK & SAND INC** | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

COMMERCIAL AUTO
CA 00 01 03 10

# BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| **1** | Any "Auto" | |
| **2** | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| **3** | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| **4** | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| **5** | Owned "Autos" Subject To No-fault | Only those "autos" you own that are required to have no-fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have no-fault benefits in the state where they are licensed or principally garaged. |
| **6** | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| **7** | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| **8** | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| **9** | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

| 19 | Mobile Equip-ment Subject To Compulsory Or Financial Responsibility Or Motor Vehicle Insur-ance Law Only | Only those "autos" that are land vehicles and that would qualify under the definition of "mobile equipment" under this policy if they were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where they are licensed or principally garaged. |
|---|---|---|

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **1, 2, 3, 4, 5, 6** or **19** are entered next to a coverage in Item Two of the Declara-tions, then you have coverage for "autos" that you acquire of the type described for the re-mainder of the policy period.

2. But, if Symbol **7** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that cover-age only if:

   **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that cover-age; and

   **b.** You tell us within 30 days after you acquire it that you want us to cover it for that cover-age.

**C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos**

If Liability Coverage is provided by this coverage form, the following types of vehicles are also cov-ered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. "Mobile equipment" while being carried or towed by a covered "auto".

3. Any "auto" you do not own while used with the permission of its owner as a temporary substi-tute for a covered "auto" you own that is out of service because of its:

   **a.** Breakdown;

   **b.** Repair;

   **c.** Servicing;

   **d.** "Loss"; or

   **e.** Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "acci-dent" and resulting from the ownership, mainte-nance or use of covered "autos". However, we will only pay for the "covered pollution cost or ex-pense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "in-sured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "prop-erty damage" or a "covered pollution cost or ex-pense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

**a.** You for any covered "auto".

**b.** Anyone else while using with your permis-sion a covered "auto" you own, hire or bor-row except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto".

This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

(4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

**c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**2. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work

(5) All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-of-state Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

**2. Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the coverage form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to:

a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

b. The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving property owned or transported by the "insured" or in the "insured's" care, custody or control. But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Handling Of Property**

"Bodily injury" or "property damage" resulting from the handling of property:

a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto"; or

b. After it is moved from the covered "auto" to the place where it is finally delivered by the "insured".

8. **Movement Of Property By Mechanical Device**

"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".

9. **Operations**

"Bodily injury" or "property damage" arising out of the operation of:

a. Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"; or

b. Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

10. **Completed Operations**

"Bodily injury" or "property damage" arising out of your work after that work has been completed or abandoned.

In this exclusion, your work means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

Your work includes warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in Paragraph **a.** or **b.** above.

Your work will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**11. Pollution**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

  **a.** That are, or that are contained in any property that is:

    **(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

    **(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

    **(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

  **b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

  **c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

    **(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

    **(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**12. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

  **a.** War, including undeclared or civil war;

  **b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

  **c.** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**13. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**C. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

 © Insurance Services Office, Inc., 2009

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## SECTION III – PHYSICAL DAMAGE COVERAGE

**A. Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

   a. **Comprehensive Coverage**

      From any cause except:

      (1) The covered "auto's" collision with another object; or

      (2) The covered "auto's" overturn.

   b. **Specified Causes Of Loss Coverage**

      Caused by:

      (1) Fire, lightning or explosion;

      (2) Theft;

      (3) Windstorm, hail or earthquake;

      (4) Flood;

      (5) Mischief or vandalism; or

      (6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   c. **Collision Coverage**

      Caused by:

      (1) The covered "auto's" collision with another object; or

      (2) The covered "auto's" overturn.

2. **Towing**

   We will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

3. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

   If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

   a. Glass breakage;

   b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

4. **Coverage Extensions**

   a. **Transportation Expenses**

      We will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes Of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

   b. **Loss Of Use Expenses**

      For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

      (1) Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

      (2) Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

      (3) Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

      However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. **Nuclear Hazard**

      (1) The explosion of any weapon employing atomic fission or fusion; or

      (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

 © Insurance Services Office, Inc., 2009 CA 00 01 03 10 □

**b. War Or Military Action**

  **(1)** War, including undeclared or civil war;

  **(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

  **(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such a contest or activity.

**3.** We will not pay for "loss" due and confined to:

  **a.** Wear and tear, freezing, mechanical or electrical breakdown.

  **b.** Blowouts, punctures or other road damage to tires.

This exclusion does not apply to such "loss" resulting from the total theft of a covered "auto".

**4.** We will not pay for "loss" to any of the following:

  **a.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

  **b.** Any device designed or used to detect speed-measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed-measurement equipment.

  **c.** Any electronic equipment, without regard to whether this equipment is permanently installed, that reproduces, receives or transmits audio, visual or data signals.

  **d.** Any accessories used with the electronic equipment described in Paragraph **c.** above.

**5.** Exclusions **4.c.** and **4.d.** do not apply to equipment designed to be operated solely by use of the power from the "auto's" electrical system that, at the time of "loss", is:

  **a.** Permanently installed in or upon the covered "auto";

  **b.** Removable from a housing unit which is permanently installed in or upon the covered "auto";

  **c.** An integral part of the same unit housing any electronic equipment described in Paragraphs **a.** and **b.** above; or

  **d.** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system.

**6.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**C. Limit Of Insurance**

**1.** The most we will pay for "loss" in any one "accident" is the lesser of:

  **a.** The actual cash value of the damaged or stolen property as of the time of the "loss"; or

  **b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** $1,000 is the most we will pay for "loss" in any one "accident" to all electronic equipment that reproduces, receives or transmits audio, visual or data signals which, at the time of "loss", is:

  **a.** Permanently installed in or upon the covered "auto" in a housing, opening or other location that is not normally used by the "auto" manufacturer for the installation of such equipment;

  **b.** Removable from a permanently installed housing unit as described in Paragraph **2.a.** above or is an integral part of that equipment; or

  **c.** An integral part of such equipment.

**3.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**4.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations. Any Comprehensive Coverage deductible shown in the Declarations does not apply to "loss" caused by fire or lightning.

## SECTION IV – BUSINESS AUTO CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this coverage form until:

**a.** There has been full compliance with all the terms of this coverage form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this coverage form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

   © Insurance Services Office, Inc., 2009   CA 00 01 03 10   □

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this coverage form.

**2. Concealment, Misrepresentation Or Fraud**

This coverage form is void in any case of fraud by you at any time as it relates to this coverage form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This coverage form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this coverage form.

**3. Liberalization**

If we revise this coverage form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this coverage form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this coverage form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this coverage form's Liability Coverage is primary for any liability assumed under an "insured contract".

**d.** When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this coverage form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this coverage form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this coverage form, we cover "accidents" and "losses" occurring:

**a.** During the policy period shown in the Declarations; and

**b.** Within the coverage territory.

The coverage territory is:

**(1)** The United States of America;

**(2)** The territories and possessions of the United States of America;

**(3)** Puerto Rico;

**(4)** Canada; and

**(5)** Anywhere in the world if:

**(a)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

**(b)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico or Canada or in a settlement we agree to.

We also cover "loss" to, or "accidents" involving, a covered "auto" while being transported between any of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this coverage form and any other coverage form or policy issued to you by us or any company affiliated with us applies to the same "accident", the aggregate maximum Limit of Insurance under all the coverage forms or policies shall not exceed the highest applicable Limit of Insurance under any one coverage form or policy. This condition does not apply to any coverage form or policy issued by us or an affiliated company specifically to apply as excess insurance over this coverage form.

## SECTION V – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:

**1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or

**2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if:

**(1)** The "pollutants" escape, seep, migrate or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants"; and

**(2)** The "bodily injury", "property damage" or "covered pollution cost or expense" does not arise out of the operation of any equipment listed in Paragraph **6.b.** or **6.c.** of the definition of "mobile equipment".

        © Insurance Services Office, Inc., 2009        CA 00 01 03 10    □

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(a)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(b)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:

    **1.** A lease of premises;

    **2.** A sidetrack agreement;

    **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

    **6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

    **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

    **b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

    **c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**J.** "Loss" means direct and accidental loss or damage.

**K.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

    **1.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

    **2.** Vehicles maintained for use solely on or next to premises you own or rent;

    **3.** Vehicles that travel on crawler treads;

    **4.** Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

        **a.** Power cranes, shovels, loaders, diggers or drills; or

        **b.** Road construction or resurfacing equipment such as graders, scrapers or rollers;

    **5.** Vehicles not described in Paragraph **1., 2., 3.** or **4.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

        **a.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or

        **b.** Cherry pickers and similar devices used to raise or lower workers; or

6. Vehicles not described in Paragraph **1.**, **2.**, **3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

   **a.** Equipment designed primarily for:

      **(1)** Snow removal;

      **(2)** Road maintenance, but not construction or resurfacing; or

      **(3)** Street cleaning;

   **b.** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

   **c.** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.

However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

**L.** " Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**M.** "Property damage" means damage to or loss of use of tangible property.

**N.** "Suit" means a civil proceeding in which:

   **1.** Damages because of "bodily injury" or "property damage"; or

   **2.** A "covered pollution cost or expense";

   to which this insurance applies, are alleged. "Suit" includes:

   **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**O.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**P.** " Trailer" includes semitrailer.

 © Insurance Services Office, Inc., 2009 **CA 00 01 03 10**   ☐

**STATED AMOUNT INSURANCE**

M-3912b (8/2001)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

TRUCKERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below, and applies only to those vehicles and coverages indicated below or as may be subsequently added to the policy by endorsement and for which physical damage coverage is afforded and for which a limit of liability is indicated. Vehicle numbers refer to the vehicle number and corresponding vehicle described in the schedule of automobiles attached to this policy.

| VEHICLE NUMBER | LIMIT OF LIABILITY | DEDUCTIBLE | COVERAGE | |
|---|---|---|---|---|
| See M-4959a | | $ | ☐ Collision | |
| (03/2002) | $ | $ | ☐ Comprehensive | ☐ Specified Causes of Loss |

For a covered auto described in this endorsement:

BUSINESS AUTO COVERAGE FORM - SECTION III - PHYSICAL DAMAGE COVERAGE - SUBSECTION C - LIMIT OF INSURANCE and SUBSECTION D - DEDUCTIBLE or TRUCKERS COVERAGE FORM - SECTION IV - PHYSICAL DAMAGE SUBSECTION C - LIMITS OF INSURANCE and SUBSECTION D - DEDUCTIBLE are changed to read:

**C. - Limit of Insurance**
1. The most we will pay for "loss" in any one "accident" is the lesser of:
    a. The limit of liability shown in the schedule of this endorsement for the involved "auto", or
    b. The actual cash value of the damaged or stolen "auto" as of the time of the "loss", or
    c. The cost of repairing or replacing the damaged or stolen "auto" with another of like kind or quality,

    less the applicable deductible.
2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".
3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**D. - Deductible**
For each covered "auto", our obligation to pay for, repair, return or replace the damaged or stolen auto will be reduced by the applicable deductible shown in this endorsement.

BUSINESS AUTO COVERAGE FORM - SECTION IV - BUSINESS AUTO CONDITIONS - SUBSECTION A.4 - LOSS PAYMENT - PHYSICAL DAMAGE COVERAGES or TRUCKERS COVERAGE FORM - SECTION V - TRUCKERS CONDITIONS - SUBSECTION A.4 - LOSS PAYMENT - PHYSICAL DAMAGE COVERAGES is changed to read:

**4.    Loss Payment - Physical Damage Coverages**

At our option we may:
    a. Pay for, repair or replace the damaged or stolen "auto";
    b. Return the stolen "auto", at our expense. We will pay for any damage that results to the "auto" from the theft; or
    c. Take all or any part of the damaged or stolen "auto" at an agreed or appraised value. If we pay either the scheduled limit of liability for that "auto" or its actual cash value, we are entitled to all salvage.

If we pay for the "loss", we will also include payment of the applicable sales tax for the damaged or stolen "auto".

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **National Indemnity Company of the South** | **74 APB 002326** |
| | Endorsement Effective |
| | **02/28/2018 12:01 AM** |
| Named Insured | Countersigned by |
| **DISCOUNT ROCK & SAND INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

M-3912b (8/2001)

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

M-5364 (11/2008)

# FLORIDA RENEWAL NOTICE
## UNINSURED MOTORIST COVERAGE OPTIONS

This notice provides a brief explanation of your Uninsured Motorist Coverage options. This notice is for informational purposes only and does not become a part or condition of the attached policy. If you have any questions regarding your coverage or wish to change your policy, please contact your agent.

1. You may purchase Uninsured Motorist Coverage at limits equal to your Bodily Injury Liability limits

2. You may purchase Uninsured Motorist Coverage at limits less than your Bodily Injury Liability limits

3. You may reject Uninsured Motorist Coverage entirely.

4. You may purchase Stacked or Non-Stacked Uninsured Motorist Coverage. The premium for Stacked Uninsured Motorist Coverage may be higher than the premium for Non-Stacked Uninsured Motorist Coverage.

POLICY NUMBER: **74 APB 002326**

COMMERCIAL AUTO
CA 22 10 01 13

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Florida, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** | **DISCOUNT ROCK & SAND INC** |
| **Endorsement Effective Date:** | **02/28/2018 12:01 AM** |

We agree with the "named insured", subject to all the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows that:

**SCHEDULE**

Any Personal Injury Protection deductible shown in the Declarations of $    **N/A**
is applicable to ☐ the following "named insured" only:
☐ each "named insured" and each dependent "family member".

☐ Work loss for "named insured" does not apply.
☐ Work loss for "named insured" and dependent "family member" does not apply.

| **Benefits** | **Limit Per Person** |
|---|---|
| Total Aggregate Limit for all Personal Injury Protection Benefits, except Death Benefits | $10,000 |
| Death Benefits | $5,000 |
| Medical Expenses | 80% of medical expenses subject to the total aggregate limit and the provisions of Paragraphs **D.2.a.** and **b.** under Limit Of Insurance. |
| Work Loss | 60% of work loss subject to the total aggregate limit |
| Replacement Services Expenses | subject to the total aggregate limit |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

We will pay Personal Injury Protection benefits in accordance with the Florida Motor Vehicle No-fault Law to or for an "insured" who sustains "bodily injury" in an "accident" arising out of the ownership, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

**1. Medical Expenses**

  **a.** All reasonable "medically necessary" expenses for medical, surgical, X-ray, dental, ambulance, hospital, professional nursing and rehabilitative services, including prosthetic devices. However, we will pay for these benefits only if the "insured" receives initial services and care within 14 days after the "motor vehicle" "accident" that are:

    **(1)** Lawfully provided, supervised, ordered or prescribed by a licensed physician, dentist or chiropractic physician;

    **(2)** Provided in a hospital or in a facility that owns, or is wholly owned by, a hospital; or

    **(3)** Provided by a person or entity licensed to provide emergency transportation and treatment;

    as authorized by the Florida Motor Vehicle No-fault Law.

  **b.** Upon referral by a licensed health care provider described in Paragraph **A.1.a.(1)**, **(2)** or **(3)**, follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to Paragraph **A.1.a.**, if provided, supervised, ordered or prescribed only by a licensed:

    **(1)** Physician, osteopathic physician, chiropractic physician or dentist; or

    **(2)** Physician assistant or advanced registered nurse practitioner, under the supervision of such physician, osteopathic physician chiropractic physician or dentist;

    as authorized by the Florida Motor Vehicle No-fault Law.

    Follow-up services and care may also be provided by:

    **(3)** A licensed hospital or ambulatory surgical center;

    **(4)** An entity wholly owned by one or more licensed physicians, osteopathic physicians, chiropractic physicians or dentists; or by such practitioners and the spouse, parent, child, or sibling of such practitioners;

    **(5)** An entity that owns or is wholly owned, directly or indirectly, by a hospital or hospitals;

    **(6)** A licensed physical therapist, based upon referral by a provider described in Paragraph **A.1.b;** or

    **(7)** A health care clinic licensed under the Florida Health Care Clinic Act

      **(a)** Which is accredited by the Joint Commission on Accreditation of Healthcare Organizations, the American Osteopathic Association, the Commission on Accreditation of Rehabilitation Facilities or the Accreditation Association for Ambulatory Health Care, Inc.; or

      **(b)** Which:

        **(i)** Has a licensed medical director;

        **(ii)** Has been continuously licensed for more than three years or is a publicly traded corporation that issues securities traded on an exchange registered with the United States Securities and Exchange Commission as a national securities exchange; and

        **(iii)** Provides at least four of the following medical specialties:

          **i.** General medicine;

          **ii.** Radiography;

          **iii.** Orthopedic medicine;

          **iv.** Physical medicine;

          **v.** Physical therapy;

          **vi.** Physical rehabilitation;

          **vii.** Prescribing or dispensing outpatient prescription medication; or

          **viii.** Laboratory services;

        as authorized by the Florida Motor Vehicle No-fault Law.

However, with respect to Paragraph **A.1.**, medical expenses do not include massage or acupuncture, regardless of the person, entity or licensee providing the massage or acupuncture;

© Insurance Services Office, Inc., 2013

2. **Replacement Services Expenses**
   With respect to the period of disability of the injured person, all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the injured person would have performed without income for the benefit of his or her household;

3. **Work Loss**
   With respect to the period of disability of the injured person, any loss of income and earning capacity from inability to work proximately caused by the injury sustained by the injured person; and

4. **Death Benefits**

B. **Who Is An Insured**
   1. The "named insured".
   2. If the "named insured" is an individual, any "family member".
   3. Any other person while "occupying" a covered "motor vehicle" with the "named insured's" consent.
   4. A "pedestrian" if the "accident" involves the covered "motor vehicle".

C. **Exclusions**
   We will not pay Personal Injury Protection benefits for "bodily injury":
   1. Sustained by the "named insured" or any "family member" while "occupying" any "motor vehicle" owned by the "named insured" that is not a covered "motor vehicle";
   2. Sustained by any person while operating the covered "motor vehicle" without the "named insured's" expressed or implied consent;
   3. Sustained by any person, if such person's conduct contributed to his or her "bodily injury" under any of the following circumstances:
      a. Causing "bodily injury" to himself or herself intentionally; or
      b. While committing a felony;
   4. To the "named insured" or any "family member" for work loss if an entry in the Schedule or Declarations indicates that coverage for work loss does not apply;
   5. To any "pedestrian", other than the "named insured" or any "family member", not a legal resident of the state of Florida;

6. To any person, other than the "named insured", if that person is the "owner" of a "motor vehicle" for which security is required under the Florida Motor Vehicle No-fault Law;
7. To any person, other than the "named insured", or any "family member", who is entitled to personal injury protection benefits from the owner of a "motor vehicle" that is not a covered "motor vehicle" under this insurance or from the "owner's" insurer; or
8. To any person who sustains "bodily injury" while "occupying" a "motor vehicle" located for use as a residence or premises.

D. **Limit Of Insurance**
   1. Regardless of the number of persons insured, policies or bonds applicable, premiums paid, vehicles involved or claims made, the total aggregate limit of personal injury protection benefits, available under the Florida Motor Vehicle No-fault Law from all sources combined, including this policy, for or on behalf of any one person who sustains "bodily injury" as the result of any one "accident", shall be:
      a. $10,000 for medical expenses, work loss and replacement services; and
      b. $5,000 for death benefits.
   2. Subject to Paragraph **D.1.a.**, we will pay:
      a. Up to $10,000 for medical expenses, if a licensed physician, dentist, physician assistant or an advanced registered nurse practitioner authorized by the Florida Motor Vehicle No-fault Law has determined that the "insured" had an "emergency medical condition"; or
      b. Up to $2,500 for medical expenses, if any health care provider described in Paragraph **A.1.a.** or **A.1.b.** has determined that the "insured" did not have an "emergency medical condition".
   3. Any amount paid under this coverage will be reduced by the amount of benefits an injured person has been paid or is entitled to be paid for the same elements of "loss" under any workers' compensation law.

4. If personal injury protection benefits, under the Florida Motor Vehicle No-fault Law, have been received from any insurer for the same elements of loss and expense benefits available under this policy, we will not make duplicate payments to or for the benefit of the injured person. The insurer paying the benefits shall be entitled to recover from us its pro rata share of the benefits paid and expenses incurred in handling the claim.

5. The deductible amount shown in the Schedule will be deducted from the total amount of expenses and losses listed in Paragraphs **A.1.**, **A.2.** and **A.3.** of this endorsement before the application of any percentage limitation for each "insured" to whom the deductible applies. The deductible does not apply to the death benefit.

6. Any amount paid under this coverage for medical expenses may be limited by the medical fee schedule prescribed by the Florida Motor Vehicle No-fault Law.

E. **Changes In Conditions**

The **Conditions** are changed for **Personal Injury Protection** as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is replaced by the following: Compliance with the following duties is a condition precedent to receiving benefits: In the event of an "accident", the "named insured" must give us or our authorized representative prompt written notice of the "accident".

   If any injured person or his or her legal representative institutes a legal action to recover damages for "bodily injury" against a third party, a copy of the summons, complaint or other process served in connection with that legal action must be forwarded to us as soon as possible by the injured person or his or her legal representative.

   A person seeking personal injury protection benefits must, as soon as possible, give us written proof of claim, under oath if required, containing full particulars concerning the injuries and treatment received and/or contemplated, and send us any other information that will assist us in determining the amount due and payable.

A person seeking personal injury protection benefits must submit to an examination under oath. The scope of questioning during the examination under oath is limited to relevant information or information that could reasonably be expected to lead to relevant information.

2. **Legal Action Against Us** is replaced by the following:

   **Legal Action Against Us**

   a. No legal action may be brought against us until there has been full compliance with all terms of this policy. In addition, no legal action may be brought against us:

      (1) Until the claim for benefits is overdue in accordance with Paragraph **F.2.** of this endorsement; and

      (2) Until we are provided with a demand letter in accordance with the Florida Motor Vehicle No-fault Law sent to us via U.S. certified or registered mail; and

      (3) With respect to the overdue claim specified in the demand letter, if, within 30 days of receipt of the demand letter, we:

         (a) Pay the overdue claim; or

         (b) Agree to pay for future treatment not yet rendered;

         in accordance with the requirements of the Florida Motor Vehicle No-fault Law.

   b. If legal action is brought against us, all claims related to the same health care provider or facility shall be brought in a single action, unless good cause can be shown why such claims should be brought separately.

 © Insurance Services Office, Inc., 2013 CA 22 10 01 13

3. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   **Transfer Of Rights Of Recovery Against Others To Us**

   Unless prohibited by the Florida Motor Vehicle No-fault Law, in the event of payment to or for the benefit of any injured person under this coverage:

   a. We will be reimbursed for those payments, not including reasonable attorneys' fees and other reasonable expenses, from the proceeds of any settlement or judgment resulting from any right of recovery of the injured person against any person or organization legally responsible for the "bodily injury" from which the payment arises. We will also have a lien on those proceeds.

   b. If any person to or for whom we pay benefits has rights to recover benefits from another, those rights are transferred to us. That person must do everything necessary to secure our rights and must do nothing after loss to impair them.

   c. The insurer providing personal injury protection benefits on a private passenger "motor vehicle", as defined in the Florida Motor Vehicle No-fault Law, shall be entitled to reimbursement to the extent of the payment of personal injury protection benefits from the "owner" or the insurer of the "owner" of a commercial "motor vehicle", as defined in the Florida Motor Vehicle No-fault Law, if such injured person sustained the injury while "occupying", or while a "pedestrian" through being struck by, such commercial "motor vehicle". However, such insurer's right of reimbursement under this Paragraph **c.** does not apply to an "owner" or registrant of a "motor vehicle" used as a taxicab.

4. **Concealment, Misrepresentation Or Fraud** is replaced by the following:

   **Concealment, Misrepresentation Or Fraud**

   We do not provide coverage under this endorsement for an "insured" if that "insured" has committed, by a material act or omission, insurance fraud relating to personal injury protection coverage under this form, if fraud is admitted to in a sworn statement by the "insured" or if the fraud is established in a court of competent jurisdiction. Any insurance fraud voids all personal injury protection coverage arising from the claim with respect to the "insured" who committed the fraud. Any benefits paid prior to the discovery of the fraud are recoverable from that "insured".

5. **Policy Period, Coverage Territory** is replaced by the following:

   **Policy Period, Coverage Territory**

   The insurance under this section applies only to "accidents" which occur during the policy period:

   a. In the state of Florida;

   b. As respects the "named insured" or any "family member", while "occupying" the covered "motor vehicle" outside the state of Florida but within the United States of America, its territories or possessions or Canada; and

   c. As respects the "named insured", while "occupying" a "motor vehicle" of which a "family member" is the "owner" and for which security is maintained under the Florida Motor Vehicle No-fault Law outside the state of Florida but within the United States of America, its territories or possessions or Canada.

---

CA 22 10 01 13                    © Insurance Services Office, Inc., 2013                    Page 5 of 8

**F. Additional Conditions**

The following conditions are added:

**1. Mediation**

  **a.** In any claim filed by an "insured" with us for:

    **(1)** "Bodily injury" in an amount of $10,000 or less, arising out of the ownership, operation, use or maintenance of a covered "auto";

    **(2)** "Property damage" in any amount, arising out of the ownership, operation, maintenance or use of a covered "auto"; or

    **(3)** "Loss" to a covered "auto" or its equipment, in any amount,

    either party may make a written demand for mediation of the claim prior to the institution of litigation.

  **b.** A written request for mediation must be filed with the Florida Department of Financial Services on an approved form, which may be obtained from the Florida Department of Financial Services.

  **c.** The request must state:

    **(1)** Why mediation is being requested.

    **(2)** The issues in dispute, which are to be mediated.

  **d.** The Florida Department of Financial Services will randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference. The mediation conference will be held within 45 days of the request for mediation. The conference will be held by telephone, if feasible. Participants in the mediation conference must have the authority to make a binding decision, and must mediate in good faith. Each party will bear the expenses of the mediation equally, unless the mediator determines that one party has not mediated in good faith.

  **e.** Only one mediation may be requested for each claim unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

  **f.** The mediation shall be conducted as an informal process and formal rules of evidence and procedures need not be observed.

**2. Payment Of Benefits**

Personal injury protection benefits payable under this Coverage Form, whether the full or partial amount, may be overdue if not paid within 30 days after we are furnished with written notice of the covered loss and the amount of the covered loss in accordance with the Florida Motor Vehicle No-fault Law. However, if we have a reasonable belief that a fraudulent insurance act has been committed relating to personal injury protection coverage under this Coverage Form, we will notify the "insured" in writing, within 30 days after the submission of the claim, that the claim is being investigated for suspected fraud. No later than 90 days after the submission of the claim, we will either deny or pay the claim, in accordance with the Florida Motor Vehicle No-fault Law.

If we pay only a portion of a claim or reject a claim due to an alleged error in the claim, we, at the time of the partial payment or rejection, will provide an itemized specification or explanation of benefits due to the specified error. Upon receiving the specification or explanation, the person making the claim, at the person's option and without waiving any other legal remedy for payment, has 15 days to submit a revised claim, which will be considered a timely submission of written notice of a claim.

**3. Modification Of Policy Coverages**

Any Automobile Medical Payments Coverage and any Uninsured Motorists Coverage afforded by the policy shall be excess over any personal injury protection benefits paid or payable.

Regardless of whether the full amount of personal injury protection benefits has been exhausted, any Medical Payments Coverage afforded by the policy shall pay the portion of any claim for personal injury protection medical expenses which are otherwise covered but not payable due to the limitation of 80% of medical expense benefits but shall not be payable for the amount of the deductible selected.

 © Insurance Services Office, Inc., 2013 CA 22 10 01 13

4. **Medical Reports And Examinations; Payment Of Claim Withheld**

As soon as practicable, the person making the claim shall submit to mental and physical examinations at our expense when and as often as we may reasonably require and a copy of the medical report shall be forwarded to such person if requested. If the person unreasonably refuses to submit to, or fails to appear at, an examination, we will not be liable for subsequent personal injury protection benefits. Such person's refusal to submit to, or failure to appear at, two examinations, raises a rebuttable presumption that such person's refusal or failure was unreasonable.

Whenever a person making a claim as a result of an injury sustained while committing a felony is charged with committing that felony, we shall withhold benefits until, at the trial level, the prosecution makes a formal entry on the record that it will not prosecute the case against the person, the charge is dismissed or the person is acquitted.

5. **Provisional Premium**

In the event of any change in the rules, rates, rating plan, premiums or minimum premiums applicable to the insurance afforded, because of an adverse judicial finding as to the constitutionality of any provisions of the Florida Motor Vehicle No-fault Law providing for the exemption of persons from tort liability, the premium stated in the Declarations for any Liability, Medical Payments and Uninsured Motorists insurance shall be deemed provisional and subject to recomputation. If this policy is a renewal policy, such recomputation shall also include a determination of the amount of any return premium previously credited or refunded to the "named insured" pursuant to the Florida Motor Vehicle No-fault Law with respect to insurance afforded under a previous policy.

If the final premium thus recomputed exceeds the premium shown in the Declarations, the "named insured" shall pay to us the excess as well as the amount of any return premium previously credited or refunded.

6. **Special Provisions For Rented Or Leased Vehicles**

Notwithstanding any provision of this coverage to the contrary, if a person is injured while "occupying", or through being struck by, a "motor vehicle" rented or leased under a rental or lease agreement which does not specify otherwise in language required by FLA. STAT. SECTION 627.7263(2) in at least 10-point type on the face of the agreement, the personal injury protection benefits available under the Florida Motor Vehicle No-fault Law and afforded under the lessor's policy shall be primary.

7. **Insured's Right To Personal Injury Protection Information**

   a. In a dispute between us and an "insured", or between us and an assignee of the "insured's" personal injury protection benefits, we will, upon request, notify such "insured" or assignee that the limits for Personal Injury Protection have been reached. We will provide such information within 15 days after the limits for Personal Injury Protection have been reached.

   b. If legal action is commenced, we will, upon request, provide an "insured" with a copy of a log of personal injury protection benefits paid by us on behalf of the "insured". We will provide such information within 30 days of receipt of the request for the log from the "insured".

**G. Additional Definitions**

As used in this endorsement

1. "Emergency medical condition" means a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following:

   **a.** Serious jeopardy to "insured's" health;

   **b.** Serious impairment to bodily functions; or

   **c.** Serious dysfunction of any bodily organ part.

2. "Motor vehicle" means any self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of Florida and any trailer or semitrailer designed for use with such vehicle.

   However, "motor vehicle" does not include:

   **a.** A mobile home;

   **b.** Any "motor vehicle" which is used in mass transit, other than public school transportation, and designed to transport more than five passengers exclusive of the operator of the motor vehicle and which is owned by a municipality, a transit authority or a political subdivision of the state.

3. "Family member" means a person related to the "named insured" by blood, marriage or adoption, including a ward or foster child, who is a resident of the same household as the "named insured".

4. "Named insured" means the person or organization named in the Declarations of the policy and, if an individual, shall include the spouse if a resident of the same household.

5. "Occupying" means in or upon or entering into or alighting from.

6. "Owner" means a person or organization who holds the legal title to a "motor vehicle" and also includes:

   **a.** A debtor having the right to possession, in the event a "motor vehicle" is the subject of a security agreement;

   **b.** A lessee having the right to possession, in the event a "motor vehicle" is the subject of a lease with option to purchase and such lease agreement is for a period of six months or more; and

   **c.** A lessee having the right to possession, in the event a "motor vehicle" is the subject of a lease without option to purchase, and such lease is for a period of six months or more, and the lease agreement provides that the lessee shall be responsible for securing insurance.

7. "Pedestrian" means a person while not an occupant of any self-propelled vehicle.

8. "Medically necessary" refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing or treating an illness, injury, disease or symptom in a manner that is:

   **a.** In accordance with generally accepted standards of medical practice;

   **b.** Clinically appropriate in terms of type, frequency, extent, site and duration; and

   **c.** Not primarily for the convenience of the patient, physician or other health care provider.

© Insurance Services Office, Inc., 2013

M-5698 (01/2013)

# FLORIDA PIP NOTIFICATION

## Use of Medical Fee Schedule for Personal Injury Protection Claims

We will limit reimbursement of medical expenses to 80 percent of a properly billed reasonable charge, and may further limit payment to no more than 80 percent of the following schedule of maximum charges:

   a. For emergency transport and treatment by providers licensed under Chapter 401, Florida Statutes, 200 percent of Medicare.
   b. For emergency services and care provided by a hospital licensed under Chapter 395, Florida Statutes, 75 percent of the hospital's usual and customary charges.
   c. For emergency services and care as defined by s. 395.002(9), Florida Statutes, provided in a facility licensed under Chapter 395, Florida Statutes, rendered by a physician or dentist, and related hospital inpatient services rendered by a physician or dentist, the usual and customary charges in the community.
   d. For hospital inpatient services, other than emergency services and care, 200 percent of the Medicare Part A prospective payment applicable to the specific hospital providing the inpatient services.
   e. For hospital outpatient services, other than emergency services and care, 200 percent of the Medicare Part A Ambulatory Payment Classification for the specific hospital providing the outpatient services.
   f. For all other medical services, supplies, and care, 200 percent of the allowable amount under:
      I. The participating physicians fee schedule of Medicare Part B, except as provided in paragraphs II. and III.
      II. Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories.
      III. The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment.
      However, if such services, supplies, or care is not reimbursable under Medicare Part B, as provided in this Paragraph f., we may limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13, Florida Statutes, and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided. Services, supplies, or care that is not reimbursable under Medicare or workers' compensation is not required to be reimbursed by us.

For purposes of the above, the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies throughout the remainder of that year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B.

M-5732 (11/2012)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOSS PAYABLE CLAUSE

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTO COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A.  We will pay, as interest may appear, you and the loss payee named in the LOSS PAYABLE SCHEDULE below for "loss" to a covered "auto".

B.  The insurance covers the interest of the loss payee unless the "loss" results from conversion, secretion or embezzlement on your part.

C.  We may cancel the policy as allowed by the CANCELLATION Common Policy Condition Cancellation ends this agreement as to the loss payee's interest. If the company cancels the policy we will mail you and the loss payee advance notice. If you or a third party acting on your behalf, including a premium finance company, cancel the policy we are not required to provide notice to the loss payee.

D.  If we make any payments to the loss payee, we will obtain his or her rights against any other party.

LOSS PAYABLE SCHEDULE

Secured Party
ALLY FINANCIAL INC
PO BOX 8110
COCKEYSVILLE, MD 21030

| Veh # | Year, Make, Model | VIN | Limit of Insurance | Comp Deduct | Spec C of L Deduct | Collision Deduct |
|-------|-------------------|-----|--------------------|-------------|--------------------|------------------|
| 26 | 2018 ISUZU TRUCK | JALE5W166J7303501 | 50,000 | 1,000 | | 1,000 |

| Company Name **National Indemnity Company of the South** | Policy Number **74 APB 002326** |
|---|---|
| | Endorsement Effective **02/28/2018 12:01 AM** |
| Named Insured **DISCOUNT ROCK & SAND INC** | Countersigned by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

M-5732 (11/2012)

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

COMMERCIAL AUTO
CA 01 28 02 16

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Florida, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Liability Coverage** is changed as follows:
Paragraph **(5)** of **a. Supplementary Payments** under **Coverage Extensions** in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms is replaced by the following:
We will pay for the "insured":
  **(5)** All court costs taxed against the "insured" in any "suit" against the "insured" we defend. However, these payments do not include attorneys' fees or attorneys' expenses taxed against the "insured".

**B. Physical Damage Coverage** is changed as follows:
  **1.** No deductible applies under Specified Causes Of Loss or Comprehensive Coverage for "loss" to glass used in the windshield.
  **2.** All other **Physical Damage Coverage** provisions will apply.

**C.** Paragraph **1.** of **Loss Conditions, Appraisal For Physical Damage Loss,** is replaced by the following:
  **1. Appraisal For Physical Damage Loss**
If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". Upon notice of a demand for appraisal, the opposing party may, prior to appraisal, demand mediation of the dispute in accordance with the Mediation provision contained in this endorsement. The mediation must be completed before a demand for appraisal can be made. In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
    **a.** Pay its chosen appraiser; and

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

© Insurance Services Office, Inc., 2015

b.  Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

D.  The **General Conditions** are amended as follows:

1.  The following is added to the **Other Insurance** Condition in the Business Auto and Garage Coverage Forms, and **Other Insurance – Primary And Excess Provisions** Condition in the Truckers and Motor Carrier Coverage Forms:

a.  When this Coverage Form and any other Coverage Form or policy providing liability coverage applies to an "auto" and:

(1)  One provides coverage to a lessor of "autos" for rent or lease; and

(2)  The other provides coverage to a person not described in Paragraph **D.1.a.(1)**;

then the Coverage Form or policy issued to the lessor described in Paragraph **D.1.a.(1)** is excess over any insurance available to a person described in **D.1.a.(2)** if the face of the lease or rental agreement contains, in at least 10 point type, the following language:

The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by FLA. STAT. SECTION 324.021(7) and FLA. STAT. SECTION 627.736.

2.  The following condition is added to the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms:

**Mediation**

1.  In any claim filed by an "insured" with us for:

a.  "Bodily injury" in an amount of $10,000 or less, arising out of the ownership, operation, use or maintenance of a covered "auto";

b.  "Property damage" in any amount, arising out of the ownership, operation, maintenance or use of a covered "auto"; or

c.  "Loss" to a covered "auto" or its equipment, in any amount;

either party may make a written demand for mediation of the claim prior to the institution of litigation.

2.  A written request for mediation must be filed with the Florida Department of Financial Services on an approved form, which may be obtained from the Florida Department of Financial Services.

3.  The request must state:

a.  Why mediation is being requested.

b.  The issues in dispute, which are to be mediated.

4.  The Florida Department of Financial Services will randomly select mediators. Each party may reject one mediator, either before or after the opposing side has rejected a mediator. The mediator will notify the parties of the date, time and place of the mediation conference. The mediation conference will be held within 45 days of the request for mediation. The conference will be held by telephone if feasible. Participants in the mediation conference must have the authority to make a binding decision, and must mediate in good faith. Each party will bear the expenses of the mediation equally, unless the mediator determines that one party has not mediated in good faith.

5.  Only one mediation may be requested for each claim unless all parties agree to further mediation. A party demanding mediation shall not be entitled to demand or request mediation after a suit is filed relating to the same facts already mediated.

6.  The mediation shall be conducted as an informal process and formal rules of evidence and procedures need not be observed.

© Insurance Services Office, Inc., 2015

M-5850 (10/2015)

# LOSS CONTROL PROGRAM

In accordance with Florida Law, we have developed for your use a Risk Management Program. This Program provides you with guidelines for establishing a safety program. Additional personalized loss control services are also available from us or our contractor at your expense. If you wish to receive a free copy of our Risk Management Program or learn about other Loss Control services we offer, please write to:

National Indemnity Company of the South
Attn: Loss Control Department
1314 Douglas Street, Suite 1400
Omaha, NE 68102-1944

M-5535 (10/2010)

# POLICYHOLDERS NOTICE – FLORIDA

As required by Florida Statute 324.0221(1)(b), if this policy is cancelled or nonrenewed either by you or us, this information will be reported by us to the Department of Highway Safety and Motor Vehicles.

Also, failure by you to maintain personal injury protection and property damage liability insurance on a motor vehicle when required by law may result in the loss of registration and driving privileges in this state. Florida Statute 324.0221(3) advises any operator or owner whose driver's license or registration has been suspended for failing to maintain personal injury protection and property damage liability insurance may effect reinstatement upon compliance by making payment to the Department of Highway Safety and Motor Vehicles of a nonrefundable reinstatement fee of $150 for the first reinstatement, $250 for the second reinstatement and $500 for each subsequent reinstatement during the three years following the first reinstatement.

M-5905 (06/2017)

# POLICYHOLDER NOTICE — CONTACT INFORMATION

For inquiries about your policy, to obtain information about coverage, or to obtain assistance with resolving a complaint, please contact us at      **866-720-7861**

M-5906 (06/2017)

# POLICYHOLDER NOTICE

# FLORIDA PAYMENT OF SETTLEMENT OR JUDGMENT

1. Pursuant to Florida Statute 627.4265, if we have agreed in writing to the settlement of a claim, we will tender payment according to the terms of the agreement no later than 20 days after such settlement is reached. The tender of payment may be conditioned upon the execution of a release mutually agreeable to the parties, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest as set forth in Section 627.4265 from the date of the agreement; however, if the tender of payment is conditioned upon the execution of a release, the interest shall not begin to accrue until the executed release is tendered to us.

2. Pursuant to Florida Statute 627.427, if a judgment or decree for the recovery of money is entered against us in any court of the state of Florida, we will satisfy the judgment within 60 days from and after the entry date thereof, or in the case of an appeal from such judgment or decree, within 60 days from and after the affirmance of such judgment by the appellate court

M-5381 (01/2013)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FLORIDA CHANGES – CANCELLATION AND NONRENEWAL

**A.** Paragraph **A.2.** of the Common Policy Conditions, **Cancellation,** is changed to read as follows:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
**b.** 45 days before the effective date of cancellation if we cancel for any other reason

However, if your financial institution does not honor your initial premium payment for any reason then your policy is void from inception unless the nonpayment is cured within the earlier of 15 days after we send notice of cancellation by certified mail or 5 days after you receive the notice.

The notice of cancellation will state the reason(s) for the cancellation.

**B.** Paragraph **A.5.** of the Common Policy Conditions, **Cancellation,** is replaced by the following:

**5.** If this policy is canceled, we will send the first Named Insured any premium refund due. The cancellation will be effective even if we have not made or offered a refund

**a.** If we cancel, the refund will be pro rata. If the return premium is not refunded with the notice of cancellation, we will mail the refund within 15 days after the effective date of cancellation, unless this is an audit policy.
**b.** If the first Named Insured cancels, the refund may be less than pro rata. We will mail the refund within 30 days after the effective date of cancellation or receipt of notice or request for cancellation whichever is later, unless this is an audit policy.
**c.** If this is an audit policy, then, subject to your full cooperation with us or our agent in securing the necessary data for audit, we will return any premium refund due within 90 days of the date cancellation takes effect If our audit is not completed within this time limitation, then we shall accept your own audit, and any premium refund due shall be mailed within 10 working days of receipt of your audit.

**C.** The following is added to Paragraph **A.** of the Common Policy Conditions, **Cancellation:**

**7.** If this policy provides Personal Injury Protection, Property Damage Liability Coverage or both and:

**a.** It is a new or renewal policy, it may not be canceled by the Named Insured during the first 60 days immediately following the effective date of the policy or renewal except for one of the following reasons:

**(1)** The covered "auto" is completely destroyed such that it is no longer operable;
**(2)** Ownership of the covered "auto" is transferred; or
**(3)** Another policy or binder covering the motor vehicle insured under this policy has been purchased.

**b.** It is a new policy, we may not cancel for nonpayment of premium during the first 60 days immediately following the effective date of the policy unless the reason for the cancellation is the issuance of a check for the premium that is dishonored for any reason or any other type of premium payment that was subsequently determined to be rejected or invalid.

M-5381 (01/2013)

8. If we have issued a certificate of insurance on your behalf to the Florida Department of Highway Safety & Motor Vehicles pursuant to Florida Statute § 320.02(5)(e) and this policy is canceled, we will provide notice of the cancellation to the Florida Department of Highway Safety & Motor Vehicles in accordance with Florida law.

D. The following Condition is added:

**Nonrenewal**

1. If we decide not to renew or continue this policy, we will mail you notice at least 45 days before the end of the policy period. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.
2. If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.
3. Notice of nonrenewal will state the reason(s) for the nonrenewal and the effective date of nonrenewal. The policy period will end on that date.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **National Indemnity Company of the South** | **74 APB 002326** |
| | Endorsement Effective |
| | **02/28/2018 12:01 AM** |
| Named Insured | Countersigned at |
| **DISCOUNT ROCK & SAND INC** | |
| | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

M-5748 (01/2013)

# EMBARGO AND SANCTION NOTICE

No payments will be made under the terms of this insurance contract to the extent that applicable trade or economic sanctions or other laws or regulations prohibit us from providing insurance or making such payments.

All other terms, conditions and agreements of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **National Indemnity Company of the South** | **74 APB 002326** |
| | Endorsement Effective |
| | **02/28/2018 12:01 AM** |
| Named Insured | Countersigned by |
| **DISCOUNT ROCK & SAND INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

M-5748 (01/2013)

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

M-3795 (3/87)

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **National Indemnity Company of the South** | **74 APB 002326** |
| | Endorsement Effective |
| | **02/28/2018 12:01 AM** |
| Named Insured | Countersigned by |
| **DISCOUNT ROCK & SAND INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy)

03/06/2018 11:06 9D68F36C-C945-4689-A7F8-80EB6E2B468D

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18cv22644

RICARDO SANCHEZ, as Personal Representative of the
ESTATE OF TERESA SANCHEZ QUETGLAS;
ELIA BONFANTE, as Personal Representative of the
ESTATE OF ANA GAITAN DIAZ;
FRANCISCO CORTES, as Personal Representative of
the ESTATE OF MARGARITA CORTES-PARDO; and
JULIO LOPEZ-BERMEJO ROSSELLO, as Personal
Representative of the ESTATE OF MARIA LOPEZ-
BERMEJO ROSSELLO

       Plaintiffs,

v.

DISCOUNT ROCK & SAND, INC.; a Florida corporation;
and CARLOS MANSO BLANCO, individually.

       Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, RICARDO SANCHEZ, as Personal Representative of the ESTATE OF TERESA SANCHEZ QUETGLAS; ELIA BONFANTE, as Personal Representative of ESTATE OF ANA GAITAN DIAZ; FRANCISCO CORTES, as Personal Representative of the ESTATE OF MARGARITA CORTES-PARDO; and JULIO LOPEZ-BERMEJO ROSSELLO, as Personal Representative of the ESTATE OF MARIA LOPEZ-BERMEJO ROSSELLO by and through their undersigned counsel, hereby sue Defendants, DISCOUNT ROCK & SAND, INC., a Florida corporation and CARLOS MANSO BLANCO, individually, and as grounds therefore allege the following:

1

## JURISDICTION AND VENUE

1. This is an action for damages that exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

2. This Court has diversity jurisdiction under 28 U.S.C. section 1332 based on the citizenship of the respective parties.

3. Plaintiffs, RICARDO SANCHEZ, as Personal Representative of the ESTATE OF TERESA SANCHEZ QUETGLAS is a citizen of the Country of Spain. ELIA BONFANTE, as Personal Representative of ESTATE OF ANA GAITAN is a citizen of the Country of Italy. FRANCISCO CORTES, as Personal Representative of the ESTATE OF MARGARITA CORTES-PARDO is a citizen of the Country of Spain. JULIO LOPEZ-BERMEJO ROSSELLO, as Personal Representative of the ESTATE OF MARIA LOPEZ-BERMEJO ROSSELLO is a citizen of the Country of Spain. Said Plaintiffs have or will be appointed Personal Representatives for their respective decedents who were also Spanish citizens and who at the time of their deaths were visiting the United States. Said Plaintiffs are over the age of 18, and are otherwise *sui juris*.

4. Plaintiff, RICARDO SANCHEZ, as Personal Representative of the ESTATE OF TERESA SANCHEZ QUETGLAS, brings this action on behalf of the Estate of his daughter, on his own behalf as decedent's father, on behalf of decedent's mother and for any other legal survivors. including defendant's parents Ricardo Sanchez and Isabel Quetglas Cerda.

5. Plaintiff, ELIA BONFANTE, as Personal Representative of ESTATE OF ANA GAITAN brings his action on behalf of the Estate of his wife, on his own behalf as her surviving husband and for any other legal survivors including decedent's parents, Antonio Gaitan Carrillo and Ana Diaz Vasquez..

6. Plaintiff, FRANCISCO CORTES, as Personal Representative of the ESTATE OF MARGARITA CORTES-PARDO, brings this action on behalf of the Estate of his daughter, on his own behalf as decedent's father, on behalf of decedent's mother and for any other legal survivors.

7. Plaintiff, JULIO LOPEZ-BERMEJO ROSSELLO, as Personal Representative of the ESTATE OF MARIA LOPEZ-BERMEJO ROSSELLO, brings this action on behalf of the Estate of his daughter, on his own behalf as decedent's father, on behalf of decedent's mother and for any other legal survivors.

8. At all times material, Defendant, DISCOUNT ROCK & SAND, INC. was and is a Florida corporation with its principal place of business in this district.

9. At all times material to this action, Defendant, CARLOS MANSO BLANCO was and is a legal resident of Monroe County, Florida is over the age of 18 and is otherwise *sui juris*.

10. Venue is proper in this district because the acts and/or omissions forming the basis of the Plaintiffs' complaint all occurred in this district, and because the fatal crash that claimed the Plaintiffs' decedents' lives occurred here.

## GENERAL ALLEGATIONS

11. On or about March 5, 2018, Defendant CARLOS MANSO BLANCO was in the possession and control of a motor vehicle (2018 Isuzu truck) that was operated in the Florida Keys. Said vehicle was owned and/or controlled by Defendant, DISCOUNT ROCK & SAND, INC., which consented to Defendant, CARLOS MANSO BLANCO's use and operation of same.

3

12. At that time and place, said defendants negligently operated and/or maintained the motor vehicle so that it collided with the motor vehicle in which Plaintiffs' decedents were riding (2017 Nissan).

13. As a result, Plaintiffs' decedents were killed.

14. Teresa Sanchez Quetglas, age 30, died at the scene from the injuries she sustained in the crash.

15. Ana Gaitan Diaz, age 31, died at the scene from the injuries she sustained in the crash.

16. Margarita Cortes-Pardo, age 31, died at the scene from the injuries she sustained in the crash.

17. Maria Lopez-Bermejo Rosello, age 31, died at the scene from the injuries she sustained in the crash.

18. As a result of Defendant's negligence, the Plaintiffs have sustained damages under applicable law.

### COUNT I: NEGLIGENCE AGAINST DISCOUNT SAND & ROCK, INC.

19. The allegations in paragraphs 1 through 18 are hereby incorporated by reference.

20. DISCOUNT SAND & ROCK, INC. owed the Plaintiffs' decedents' a duty of reasonable care in the operation and maintenance of its vehicle, (2018 Isuzu) and in its entrustment of said vehicle to employees, agents, and/or others to operate on the public roads in the course of its business.

21. On the date and time in question, DISCOUNT SAND & ROCK, INC. breached its duty of care when its agent/employee CARLOS MANSO BLANCO negligently operated and/or when Defendants negligently maintained the 2018 Isuzu truck, causing a crash with the 2017 Nissan Rogue in which Plaintiffs' decedents were riding.

22. Said defendant also knew or should have known that its agent CARLOS MANSO BLANCO was unfit to operate a commercial vehicle and had a driving record that placed Defendant on actual or constructive notice of BLANCO's dangerous propensities to violate traffic/safety laws and rules while driving. Despite such notice, defendant was directly and actively negligent in entrusting said vehicle to CARLOS MANSO BLANCO.

23. Further, as the vehicle is a dangerous instrumentality under Florida law, defendant is also vicariously liable as the owner.

24. As a direct and proximate result of DISCOUNT SAND & ROCK, INC.'s aforesaid negligence (direct and that of its agent), all Plaintiff's decedents were killed in the fatal crash, and the Plaintiffs have thus sustained damages.

25. DISCOUNT SAND & ROCK, INC. acted with willful disregard for the life and safety of others on the road, and its conduct was equivalent to manslaughter. As such, punitive damages are appropriate.

**WHEREFORE**, for the foregoing reasons, the Plaintiffs demand judgment against DISCOUNT SAND & ROCK, INC for compensatory damages, punitive damages, interest and the costs of this action.

## COUNT II: NEGLIGENCE AGAINST CARLOS MANSO BLANCO

26. The allegations in paragraphs 1 through 18 are hereby incorporated by reference.

27. BLANCO owed the Plaintiffs' decedents a duty of reasonable care in the operation and maintenance of the vehicle he was driving at the time of the incident.

28. On the date and time in question, BLANCO breached his duty of care and negligently operated and/or maintained the 2018 Isuzu truck, causing a crash with the 2017 Nissan Rogue in which Plaintiffs' decedents were riding.

5

29. As a direct and proximate result of BLANCO's negligence, all Plaintiffs' decedents were killed in the fatal crash, and the Plaintiffs have sustained damages.

30. BLANCO acted with willful disregard for the life and safety of others on the road and his conduct was equivalent to manslaughter. As such, punitive damages are appropriate.

**WHEREFORE**, for the foregoing reasons, the Plaintiffs demand judgment against BLANCO for compensatory damages, punitive damages, interest and the costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues and claims so triable.

Dated: June 29, 2018.

> SILVA & SILVA, P.A.
> *Counsel for the Plaintiffs*
> 236 Valencia Avenue
> Coral Gables, Florida 33134
> Telephone: (305) 445-0011
> Facsimile: (305) 445-1181
> Email: csilva@silvasilva.com
> Secondary Emails: mromera@silvasilva.com
> playne@silvasilva.com
>
> By: _____
> Carlos E. Silva, Esq.
> Florida Bar No. 999032
> Paul Jon Layne, Esq.
> Florida Bar No. 023558

**EXHIBIT 3**

**IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
CIVIL ACTION**

DANIEL W. PINKERTON and
KIMBERLEY PINKERTON, as
Husband and Wife,

       Plaintiffs,

v.                                  CASE NO.

CARLOS MANSO BLANCO and
DISCOUNT ROCK & SAND, INC.,
a Florida Corporation,

       Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY

PINKERTON, and sues the Defendants, DISCOUNT ROCK & SAND, INC., a Florida

Corporation, and CARLOS MANSO BLANCO, Individually, and alleges:

**JURISDICTION AND VENUE**

1.     This is an action for damages in excess of Fifteen Thousand ($15,000.00)

Dollars, exclusive of costs, interest and attorneys' fees.

2.     Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY PINKERTON, are

residents of Florida.

3.     At all times material hereto, Defendant, CARLOS MANSO BLANCO, was a

resident of Monroe County, Florida.

4.     At all times material hereto, the Defendant, DISCOUNT ROCK & SAND,

INC., was a corporation organized and existing under the laws of Florida with its principal

office located at 10500 Aviation Boulevard, Suite 2, Marathon, FL 33050.

1

5.     At all times material hereto, the Defendant, CARLOS MANSO BLANCO, was an employee of Defendant, DISCOUNT SAND & ROCK, INC.

6.     All incidents giving rise to the causes of action set forth herein occurred in Islamorada, Monroe County, Florida.

## GENERAL ALLEGATIONS

7.     On March 5, 2018, Defendant, CARLOS MANSO BLANCO, was in possession and control of a 2018 Isuzu truck (Vehicle Identification Number: JALE5W166J7303501) that was operated in the Florida Keys.

8.     The 2018 Isuzu truck operated by Defendant, CARLOS MANSO BLANCO, was owned and/or controlled by Defendant, DISCOUNT ROCK & SAND, INC., which consented to Defendant, CARLOS MANSO BLANCO's, use and operation of same.

9.     At or around 1:56 PM on March 5, 2018, Defendant, CARLOS MANSO BLANCO was travelling northbound on US 1 in the 2018 Isuzu Truck in Islamorada, Florida.

10.     At that same time and place, non-party Margarita Cortes Pardo was operating a 2017 Nissan Rogue and travelling northbound on US 1.

11.     At that same time and place, Plaintiff, DANIEL PINKERTON, 2016 was operating a Tiffin Allegro RV/motor home (VIN: 4UZACWDT0GCHT5541) travelling southbound on US 1; Plaintiff, KIMBERLEY PINKERTON, was a passenger in this vehicle.

12.     At that time and place, the 2018 Isuzu truck operated by Defendant, CARLOS MANSO BLANCO, collided with the 2017 Nissan Rogue, which caused the Nissan to crash into Plaintiffs' oncoming motor home.

2

## COUNT I: NEGLIGENCE
## (AS TO CARLOS MANSO BLANCO)

Plaintiffs, DANIEL PINKERTON and KIMBERLEY PINKERTON, re-allege paragraphs 1 – 12 as though fully contained herein, and further alleges:

13.     On March 5, 2018, Defendant, CARLOS MANSO BLANCO, owed a duty to Plaintiffs and the general public, to exercise reasonable care in the operation of the 2018 Isuzu truck (Vehicle Identification Number: JALE5W166J7303501).

14.     On March 5, 2018, Defendant, CARLOS MANSO BLANCO, breached his duty of care and negligently operated and/or maintained the 2018 Isuzu truck, causing a multi-car crash involving Plaintiff's 2016 Tiffin Allegro RV/motor home.

15.     As a direct and proximate result of the negligence of Defendant, CARLOS MANSO BLANCO, the Plaintiff, DANIEL W. PINKERTON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.

16.     The losses are permanent and continuing in nature and Plaintiff will suffer such losses in the future.

17.     As a further direct and proximate result of the negligence of Defendant, CARLOS MANSO BLANCO, the Plaintiffs DANIEL W. PINKERTON and KIMBERLEY PINKERTON, have suffered irreparable damage to their personal property.

WHEREFORE, Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY PINKERTON, demand judgment against Defendant, CARLOS MANSO BLANCO, for compensatory damages in an amount in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs, and demands a trial by jury on all issues.

3

## COUNT II: VICARIOUS LIABILITY/RESPONDEAT SUPERIOR
### (AS TO DISCOUNT SAND & ROCK)

Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY PINKERTON, re-allege paragraphs 1 – 16 as though fully contained herein, and further allege:

18.    On March 5, 2018, Defendant, CARLOS MANSO BLANCO, operated said motor vehicle while in the course and scope of his employment with Defendant, DISCOUNT SAND & ROCK, INC. and/or at the direction of Defendant, DISCOUNT SAND & ROCK, INC.

WHEREFORE, Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY PINKERTON, demand judgment against Defendant, DISCOUNT SAND & ROCK, INC., for compensatory damages in an amount in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs, and demands a trial by jury on all issues.

## COUNT III: NEGLIGENT ENTRUSTMENT
### (AS TO DISCOUNT SAND & ROCK)

Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY PINKERTON, re-allege paragraphs 1 – 17 as though fully contained herein, and further alleges:

19.    Defendant, DISCOUNT SAND & ROCK, INC., owed the Plaintiffs a duty of reasonable care in the operation and maintenance of its vehicle, and in its entrustment of said vehicle to employees, agents, and/or others to operate on the public roads in the course of its business.

20.    Said defendant also knew or should have known that its agent, CARLOS MANSO BLANCO, was unfit to operate a commercial vehicle and had a driving record that placed Defendant on actual or constructive notice of Blanco's dangerous propensities to violate traffic/safety laws and rules while driving.

4

21.     Despite such notice, defendant was directly and actively negligent in entrusting said vehicle to Defendant, CARLOS MANSO BLANCO.

22.     As a direct and proximate result of the negligence of Defendant, DISCOUNT SAND & ROCK, INC., the Plaintiff, DANIEL W. PINKERTON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of a previously existing condition.

23.     The losses are permanent and continuing in nature and Plaintiff will suffer such losses in the future.

24.     As a further direct and proximate result of the negligence of Defendant, CARLOS MANSO BLANCO, the Plaintiffs DANIEL W. PINKERTON and KIMBERLEY PINKERTON, have suffered irreparable damage to their personal property.

WHEREFORE, Plaintiffs, DANIEL W. PINKERTON and KIMBERLEY PINKERTON, demand judgment against Defendant, DISCOUNT SAND & ROCK, INC., for compensatory damages in an amount in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs, and demands a trial by jury on all issues.

## COUNT IV: LOSS OF CONSORTIUM
### (AS TO CARLOS MANSO BLANCO)

Plaintiff, KIMBERLEY PINKERTON, incorporate paragraphs 1 through 12 as if fully set forth herein.

25.     Plaintiff, KIMBERLEY PINKERTON, was the spouse of the Plaintiff, DANIEL W. PINKERTON, and resided with said spouse on March 5, 2018, and they were enjoying a family relationship.

5

26.     As a direct and proximate result of the above-described incident, Plaintiff, KIMBERLEY PINKERTON, has in the past suffered and incurred the following damages:

      a.      Loss of said spouse's consortium.

      b.      Loss of said spouse's services.

      c.      The cost and expense of having medical care, attention and treatment for said spouse, the cost of travel necessary to secure said medical case, attention for said spouse and the cost of related medical expense for said spouse.

27.     The losses are permanent and continuing in nature and Plaintiff, KIMBERLEY PINKERTON, will suffer such losses in the future.

WHEREFORE, Plaintiff, KIMBERLEY PINKERTON, demands judgment against Defendant, CARLOS MANSO BLANCO, for compensatory damages in an amount in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs, and demands a trial by jury on all issues.

## COUNT V: LOSS OF CONSORTIUM
### (AS TO DISCOUNT SAND & ROCK, INC.)

Plaintiff, KIMBERLEY PINKERTON, incorporate paragraphs 1 through 22 as if fully set forth herein.

28.     Plaintiff, KIMBERLEY PINKERTON, was the spouse of the Plaintiff, DANIEL W. PINKERTON, and resided with said spouse on March 5, 2018, and they were enjoying a family relationship.

29.     As a direct and proximate result of the above-described incident, Plaintiff, KIMBERLEY PINKERTON, has in the past suffered and incurred the following damages:

      a.      Loss of said spouse's consortium.

6

    b.      Loss of said spouse's services.

    c.      The cost and expense of having medical care, attention and treatment for said spouse, the cost of travel necessary to secure said medical case, attention for said spouse and the cost of related medical expense for said spouse.

30.    The losses are permanent and continuing in nature and Plaintiff, KIMBERLEY PINKERTON, will suffer such losses in the future.

WHEREFORE, Plaintiff, KIMBERLEY PINKERTON, demands judgment against Defendant, DISCOUNT SAND & ROCK, INC., for compensatory damages in an amount in excess of $15,000.00, exclusive of attorneys' fees, interest, and costs, and demands a trial by jury on all issues.

Dated this _6th_ day of June, 2019.

**GOLDBERG NOONE, LLC**
Attorneys for Plaintiffs
1533 Hendry Street, Suite 200
Fort Myers, FL 33901
(239) 461-5508
(239) 461-3915 (Facsimile)

By: _____

**Scot D. Goldberg**
Florida Bar No.: 45195
Email:  ScotGoldberg@goldberg-law.com
**Elizete D. Velado**
Florida Bar No.:  0099668
Email:  ElizeteVelado@goldberg-law.com

Email for Service of Court Documents:
service@goldberg-law.com

7

**EXHIBIT 4**



One Financial Plaza
Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394

www.fowler-white.com

**Rory Eric Jurman**
(954) 377-8105 direct
(954) 377-8101 fax
rjurman@fowler-white.com

April 10, 2018

**FOR SETTLEMENT PURPOSES ONLY**
**VIA EMAIL AND CERTIFIED MAIL**

Carlos Silva, Esquire                    Kimberley A. Pinkerton
Silva & Silva, P.A.                      749-C Secord Drive
236 Valencia Avenue                      Macdill Air Force Base
Coral Gables, Florida 33134              Tampa, Florida 33621
csilva@silvasilva.com
*Counsel for Teresa Sanchez Quetglas,*   Scot D. Goldberg, Esquire
*Maria Lopez Bermejo Rosello,*           Goldberg Racilla D'Alessandro & Noone, LLC
*Margarita Cortes Prado, & Ana Gaitan Diaz*  1533 Hendry Street
                                         Suite 200
                                         Fort Myers, Florida 33901
                                         scotgoldberg@goldberg-law.com
                                         *Counsel for Daniel William Pinkerton*

        Re:    *Daniel Pinkerton, et al. v. Discount Rock & Sand; Carlos Manuel Manso Blanco*
               Claim No.      :   00502404
               Insureds       :   Discount Rock & Sand, Inc.; Carlos Manuel Manso Blanco
               Our File No.   :   105316

        This letter was sent to you in connection with the motor vehicle accident that occurred on
March 5, 2018, between Bridge – NM and Overseas Highway in Islamorada, Florida. It is unclear
whether Kimberley A. Pinkerton is represented by an attorney. If so, please provide us with their
name, address, and telephone number immediately so that we may direct all further
correspondence to them.

        We represent National Indemnity of the South ("National Indemnity") in the above-
referenced matter. The truck involved in the accident, a 2018 Isuzu truck, was owned by Discount
Rock & Sand, Inc. ("Discount Rock"), an insured of National Indemnity. Discount Rock's
insurance policy has a combined single limit of $1,000,000.00. We have attached a copy of the
Policy for your review. National Indemnity is aware that Teresa Sanchez Quetglas, Maria Lopez
Bermejo Rosello, Margarita Cortes Prado, and Ana Gaitan Diaz were all occupants of the same
vehicle and were all killed in this accident. In addition, National Indemnity has been contacted by
counsel for Daniel William Pinkerton, the driver of the RV also involved in this accident, and has
been advised that Mr. Pinkerton also sustained personal injuries in connection with this accident.
National Indemnity also understands that Kimberley Pinkerton, another occupant of the RV, may

FOR SETTLEMENT PURPOSES ONLY
April 10, 2018
Page 2

have also sustained injuries. These six individual bodily injury claimants are hereafter collectively referred to as the "Claimants."

National Indemnity is tendering its full limit of insurance to the Claimants in exchange for a general release from all of the Claimants on behalf of the Insureds, Discount Rock, Carlos Manuel Manso Blanco, as well as any other entity claiming insured status under the National Indemnity Policy with respect to this accident. If you and/or your clients have already decided how you would like National Indemnity to distribute and/or tender its full limit of insurance, specifically the $1,000,00.00, please provide us with your proposed distribution immediately for consideration. Please be advised that if we do not hear from you, we will presume that such a distribution agreement has not or cannot be made and ask that you attend a Global Settlement Conference for the sole purpose of resolving the Claimants' claims. The full $1,000,000.00 combined single limit will again be made available at the Global Settlement Conference.

Accordingly, in light of the number of individuals that were injured or killed in this accident, National Indemnity has scheduled a Global Settlement Conference at its own expense. The Settlement Conference will take place on **May 14, 2018**, at **Upchurch Watson White & Max**, Royal Palm II, at SouthPointe, 900 South Pine Island Road, Suite 410, Plantation, Florida 33324. The Settlement Conference will begin at **12 PM**, with Charles Tetunic serving as the mediator. As mentioned, the Global Settlement Conference will only take place if the parties are unable to reach an agreement as to how the full limit of insurance, specifically $1,000,000.00, will be distributed among the Claimants as described above. In the event that the Parties are not all able to attend the Global Settlement Conference on May 14, 2018, we will work with the Parties to select a mutually agreeable time and date.

We invite all interested parties to come and present their claim, if any, and to discuss the possible resolution of their claim. At the Global Settlement Conference, National Indemnity will address any bodily injury claims that any of the respective Claimants may have. As mentioned, National Indemnity intends to resolve all potential claims and tender its full limits for a full release of its Insureds, Discount Rock, Carlos Manuel Manso Blanco, and any other entity claiming insured status under the National Indemnity Policy with respect to this accident.

Additionally, we hereby request that Mr. and Mrs. Pinkerton execute the attached authorizations for the release of records contained in the enclosed Authorization Packet. We will, of course, provide you with any and all documents or records that we obtain pursuant to the executed authorizations upon your request for same

As to all of the Claimants, please also provide us any and all records of medical treatment, health insurance, liens, photographs, and copies of insurance coverage statements so that we can begin to evaluate your claim in relation to the other potential claimants.

Please also advise if Mr. and Mrs. Pinkerton had Personal Insurance Protection ("PIP") coverage awarded to him/her as a result of this accident.

FOR SETTLEMENT PURPOSES ONLY
April 10, 2018
Page 3


      Please also forward this letter to you and/or your client's Uninsured/Underinsured Motorist ("UM") insurance carriers so that they may attend the Global Settlement Conference and/or approve any settlements. In addition, please forward us the UM carrier's name and contact information, if applicable, so that we may also contact them directly.

      Lastly, please note that nothing contained herein is a rejection or counteroffer to any prior settlement demand(s) made in this matter.

      Thank you for your anticipated assistance in this matter and we look forward to hearing from you. Should you have any questions or special requests regarding this process, please do not hesitate to call us.

               Very truly yours,

               FOWLER WHITE BURNETT, P.A.

               Rory Eric Jurman
               Kristine T. DeSoiza


*Enclosures*:
Authorization Packet for Mr. and Mrs. Pinkerton only
Copy of Discount Rock & Sand, Inc., Insurance Policy

*CC*:
Discount Rock & Sand, Inc.
Carlos Manuel Manso Blanco
Bruce Trybus, Esquire
Hoss Hernandez, Esquire


4832-3779-1585, v. 1

**EXHIBIT 5**



Andrea Cox

Phone: 305.428.4511

andie.cox@saul.com

www.saul.com

April 23, 2018

<u>VIA EMAIL ONLY</u>

Jesse D. Drawas, Esq.
100 Southeast 3rd Avenue, 21st Floor
Fort Lauderdale, Florida 33394
JDrawas@fowler-white.com

      Re:    **Discount Rock & Sand, Inc.**
              Policy No.: 74APB001755
              Date of Loss: March 5, 2018

Dear Mr. Drawas:

Thank you for speaking with me last week regarding the claims made on Discount Rock & Sand, Inc.'s policy.  I have reviewed the documents you provided to me.  I believe it is appropriate at this juncture to better define the scope of your involvement regarding these claims.  Fowler White Burnett has been retained by National Indemnity of the South and does not represent Discount Rock & Sand.  Rather, National Indemnity has retained Cooney Trybus Kwavnick Peets to defend Discount Rock & Sand.  Accordingly, Mr. Osher and I will be handling the defense.

Because your firm does not represent the insured, its involvement in attempting to resolve the underlying claims is unclear to me.  As Discount Rock & Sand's personal counsel, I will analyze the excess exposure risks and assess how to resolve them.  Therefore, be advised that Discount Rock & Sand will not be providing National Indemnity with a financial affidavit.  Further, we will not participate in a mediation scheduled by National Indemnity's counsel.

If you have any questions, please do not hesitate to contact me.

              Very truly yours

              *Andrea Cox*
              Andrea Cox

Cc:  Steve Osher, Esq.

Southeast Financial Center ♦ 200 S. Biscayne Blvd., Suite 3600 ♦ Miami, FL  33131
Phone: (305) 428-4500 ♦ Fax: (305) 374-4744

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

**EXHIBIT 6**



One Financial Plaza
Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394

www.fowler-white.com

Rory Eric Jurman
(954) 377-8105 direct
(954) 377-8101 fax
rjurman@fowler-white.com

May 3, 2018

<u>**VIA FAX AND EMAIL**</u>

Andrea Cox, Esq.
Saul Ewing Arnstein & Lehr
Southeast Financial Center
200 S. Biscayne Boulevard
Suite 3600
Miami, Florida 33131
Facsimile: (305) 808-8637
andie.cox@saul.com

Re:   *Daniel Pinkerton, et al. v. Discount Rock & Sand, et al.*
      **Claim No.**   :   00502404
      <u>**Our File No.** :   105316                         </u>

Dear Ms. Cox:

Please allow this correspondence to serve as a response to your letter dated April 23, 2018, regarding your representation of Discount Rock & Sand, Inc. ("Discount Rock"), and as a follow-up to National Indemnity's letter dated April 26, 2018. We have been retained to represent National Indemnity in this matter and coordinate a global settlement conference, which is currently set for May 14, 2018, at Upchurch Watson White & Max, Royal Palm II, at SouthPointe, 900 South Pine Island Road, Suite 410, Plantation, Florida 33324. We understand that you and your client have declined to attend.

At this time, we are aware of six potential bodily injury claimants, including the four Silva Claimants discussed below as well as the two Pinkerton Claimants. On April 10, 2018, National Indemnity tendered its $1,000,000 combined single liability limit in exchange for a general release to resolve all six potential claims. We have been advised by attorney Carlos Silva that his clients will not agree to a settlement that includes an allocation of National Indemnity's policy limits to the Pinkertons.

We understand that you have received a copy of the April 20, 2018 demand letter from Mr. Silva on behalf of Teresa Sanchez Quetglas ("Ms. Quetglas"), Maria Lopez-Bermejo Rosello ("Ms. Rosello"), Margarita Cortes-Pardo ("Ms. Cortes-Pardo"), and Ana Gaitan Diaz ("Ms. Diaz") (collectively the "Silva Claimants"), a copy of which has been attached hereto. As you are aware, the Silva Claimants have demanded that National Indemnity tender the full $1,000,000.00 policy

May 3, 2018
Page 2

limits to the Silva Claimants and that the insured execute a provided financial affidavit. This demand expires twenty-one days from April 20, 2018, as stated in the enclosed letter. We are also providing you the March 13, 2018, letter for your file and consideration.

**Please allow this letter to confirm that you have stated Discount Rock will not complete and execute any financial affidavits provided.**

Please advise if there are any issues with the proposed affidavits, i.e. incorrect information or portion(s) of the affidavits that Discount Rock does not understand, part(s) of the affidavits that are believed to be improper, and/or items that Discount Rock has objected to, that have led to Discount Rock's refusal to complete and execute any of the affidavits provided. Please also advise as to Discount Rock's refusal to complete and execute the attached No Other Insurance Affidavit and Affidavit of Non-Contribution.

We have spoken to counsel for Daniel Pinkerton, Scot Goldberg, with Goldberg Racilla D'Alessandro & Noone LLC. As you may recall, Mr. Pinkerton was the driver of the 2015 Allegro RV at the date and time of the accident. Upon speaking with Mr. Goldberg's office, we have learned that Mr. Pinkerton was treated at the hospital after the accident and has sustained orthopedic injuries, as a result of this accident. Mr. Pinkerton has not suffered any fractures. Although it appears that Mr. Pinkerton may have only suffered more minor injuries, he is still receiving treatment. Therefore, the full extent of his injuries is unknown at this time. To date, surgery has not be recommended.

In addition, we have also spoken to Kimberley Pinkerton. Ms. Pinkerton was a passenger in the 2015 Allegro RV at the date and time of the accident. To date, Ms. Pinkerton is not represented by an attorney. Upon speaking with Ms. Pinkerton, it is our understanding that she was not injured in the subject accident and that does not intend to bring a claim. We have sent a Waiver of Claim to Ms. Pinkerton and have also requested written confirmation of her decision not to bring a claim, however, to date, we have not received a response.

Mr. Goldberg has suggested that a fair distribution of  National Indemnity's policy limits would be $100,000.00 to Mr. Pinkerton in exchange for your and Discount Rock's release, and $900,000.00 to Silva & Silva. Notably, Mr. Goldberg has acknowledged that Silva & Silva most likely will not agree to this proposed distribution. In fact, Mr. Silva has already stated that his clients reject any proposed distribution of the policy limits.

Please be advised that should these claims proceed to litigation, it is probable that the verdicts would be well in excess of National Indemnity's policy limits.  Your client would be liable for any judgment in excess of policy limits.

To be clear, National Indemnity is willing to pay its policy limits to resolve all claims in exchange for a general release of its insureds. In light of the fact that it appears National Indemnity's policy limits will be inadequate to resolve all claims, we encourage you to discuss with your client its exposure to excess judgments. Please advise whether your client would like to

May 3, 2018
Page 3

attempt to minimize its exposure to excess claims by contributing an amount above National Indemnity's limit of liability in an attempt to resolve all claims.

As indicated, despite National Indemnity's attempt to resolve all of the claims within its policy limits, it appears that is not possible. Mr. Silva has indicated that his clients will not agree to any allocation of National Indemnity's policy limits to the Pinkertons. As such, and as previously discussed, National Indemnity is considering tendering the combined single limit of $1,000,000.00 in order to settle the Silva Claimants' claims against the insureds. While tendering the full limits for the Silva Claimants may leave an excess exposure to your client from either Pinkerton claimant, in light of the severity of the claims of the Silva Claimants, resolution of the Silva Claims will minimize your clients' excess exposure.

**Please be advised that, without the requested affidavits, the Silva Claimants will likely reject any payment of the policy limits from National Indemnity. As you are aware, failure to execute the required financial affidavits will result, in all likelihood, in the Silva Claimants not providing a release to Discount Rock and Carlos Manuel Manso Blanco, even if National Indemnity were to tender your client's policy limits.**

**Please advise as to whether your client will reconsider its position regarding executing the affidavits. In addition, please advise as to your client's position regarding whether it is willing to contribute an amount in excess of National Indemnity's policy limits in an attempt to resolve the claims.**

We look forward to hearing from you.

Very truly yours,

Rory Eric Jurman

**Enclosures**:
Silva & Silva March 13, 2018 Letter of Representation
Silva & Silva Demand Letter dated April 20, 2018
No Other Insurance Affidavit for Discount Rock
Affidavit of Non-Contribution for Discount Rock
Financial Affidavit provided by Silva & Silva

**CC**:
Bruce Trybus, Esq.
Steve Osher, Esq.



EXHIBIT 7



# National Indemnity
## group of insurance companies

National Indemnity Company • National Fire & Marine Insurance Company • National Liability & Fire Insurance Company
Columbia Insurance Company • National Indemnity Company of Mid-America • National Indemnity Company of the South

May 10, 2018

VIA OVERNIGHT MAIL

Carlos E. Silva, Esq.
Silva & Silva
236 Valencia Avenue
Coral Gables, FL 33134

Re:    Claim Number:    00502404
        Policy Number:    74APB002326
        Insured:    DISCOUNT ROCK & SAND INC
        Claimant:    Teresa Sanchez Quetglas, Ana Gaitan Diaz, Margarita Cortes-Pardo, Maria Lopez-Bermejo Rossello
        Loss Date:    March 05, 2018
        Driver:    Carlos Manuel Manso Blanco

Dear Mr. Silva:

In response to your letter of April 20, 2018, enclosed please find our draft in the amount of $1,000,000, which represents tender of the full combined single liability limits of Policy74APB002326 to your clients, the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bermejo Rosello and the Estate of Margarita Cortes Prado. The tender is made in exchange for a general release granted to Discount Rock & Sand and Carlos Manuel Manso Blanco of all claims by the properly appointed Personal Representatives of the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bermejo Rosello and the Estate of Margarita Cortes Prado. Enclosed is our proposed release. If corrections or revisions are necessary, we stand ready to make them. If you would prefer that we use your form of release, kindly provide it for our consideration. I ask that the settlement proceeds not be disbursed until a mutually agreeable release has been executed and all valid liens against the settlement proceeds, if any, have been satisfied.

We acknowledge the request for financial and other affidavits in your April 20 letter and have communicated your requests and provided the proposed affidavits to Discount Rock and Sand, Inc., through its personal counsel, Andrea Cox and to Mr. Blanco. Discount Rock & Sand Inc., through its personal counsel has declined to provide the requested affidavits at this time. We have not yet received a response from Mr. Blanco. We request additional time to provide you with the affidavits requested of Mr. Blanco. If we are able to obtain any such affidavits, disclosures or test results, they will be forwarded to you upon receipt. Also per your request, copies of the photos of the insured vehicle and accident location in our possession have been separately overnighted to your office along with an updated disclosure letter.

Your letter of April 20, 2018 also stated that we did not provide you with a timely copy of the insurance policy. This is not correct. We received your letter of representation for your clients on March 13, 2018 and we provided our 627 response with a certified copy of the policy on March 21, 2018. You also were sent a second certified copy of the policy from our counsel, Rory Jurman on April 10, 2016.

Claim Operations • P. O. Box 31361 • Omaha, Nebraska 68131-0361 • Telephone: (402) 916-3800 • Facsimile: (402) 916-3031
E-mail: reports@nationalindemnity.com

*Members of the Berkshire Hathaway group of insurance companies*


**National Indemnity**
group of insurance companies

May 10, 2018                                Page 2

Sincerely,

National Indemnity Company of the South

Michelle Gomez
Claim Operations


Enclosures
        Check
        Release


CC: Amanda Cox, Carlos Manual Manso Blanco, Bruce Trybus

**EXHIBIT 8**

Carlos E. Silva, Esq.
Jorge E. Silva, Esq.
Paul Jon Layne, Esq.
Elisabeth M. Culmo, Esq.
Carolina B. Suarez, Esq.



**$ILVA & $ILVA**

ATTORNEYS AND COUNSELORS AT LAW



May 11, 2018

**VIA U.S. MAIL & EMAIL**

National Indemnity Insurance Company
PO BOX 31361
Omaha, NE 68131-0361
*Attn: Michelle Gomez*

Fowler, White, Burnett
100 SE Third Avenue, Suite 2100
Fort Lauderdale, FL 33394
*Attn: Rory E. Jurman, Esq.*

| | | |
|---|---|---|
| **Re:** | **Our Clients:** | **Margarita Cortes-Pardo;** |
| | | **Maria Lopez-Bermejo Rossello;** |
| | | **Teresa Sanchez Quetglas;** |
| | | **Ana Gaitan Diaz** |
| | **Date of Accident:** | **3/5/2018** |
| | **Claim No.:** | **00502404** |
| | **Insured:** | **Discount Rock & Sand, Inc.** |
| | **Your File No.:** | **105316** |

Dear Ms. Gomez and Mr. Jurman:

We are in receipt of National Indemnity's policy limits check in the amount of $1,000,000.00. Please be advised we are willing to accept the $1,000,000.00 check from the carrier; however, we will not be providing a release for Discount Rock & Sand, Inc. or Carlos Manuel Manso Blanco. Please confirm this is acceptable to you.

They are underinsured for this loss. We have requested certain financial disclosures from them to determine to what extent they can contribute over and above the policy limits. Discount Rock & Sand, Inc. has not stated to me that it will or will not provide the financial disclosures as of this letter. Counsel for Mr. Manso, however, has advised the financial information requested from him will be provided.

Thank you for your attention and anticipated cooperation.

Very truly yours,

Carlos E. Silva, Esq.

CES/mr

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

**EXHIBIT 9**



### National Indemnity
group of insurance companies

National Indemnity Company • National Fire & Marine Insurance Company • National Liability & Fire Insurance Company
Columbia Insurance Company • National Indemnity Company of Mid-America • National Indemnity Company of the South

May 14, 2018

VIA U.S. MAIL & EMAIL

Carlos E. Silva, Esq.
Silva & Silva
236 Valencia Avenue
Coral Gables, FL 33134

Re:   Claim Number:      00502404
      Policy Number:     74APB002326
      Insured:           DISCOUNT ROCK & SAND INC
      Claimant:          Teresa Sanchez Quetglas, Ana Gaitan Diaz, Margarita Cortes-Pardo, Maria
                         Lopez-Bermejo Rossello
      Loss Date:         March 05, 2018
      Driver:            Carlos Manuel Manso Blanco

Dear Mr. Silva:

In response to your letter of May 11, 2018, National Indemnity Company of the South ("National Indemnity") is not willing to tender the $1,000,000 policy limits without a general release granted to Discount Rock & Sand and Carlos Manual Manso Blanco of all claims by the properly appointed Personal Representatives of the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bermejo Rosello and the Estate of Margarita Cortes Prado.

The tender as proposed in National Indemnity's May 10, 2018 letter remains open. National Indemnity is hopeful that today's settlement conference will facilitate additional discussions that will lead to settlement for a general release of all claims granted to Discount Rock & Sand and Carlos Manuel Manso Blanco.

Sincerely,

National Indemnity Company of the South

*Michelle Gomez*

Michelle Gomez
Claim Operations

CC: Amanda Cox, Hoss Hernandez, Bruce Trybus, Rory Jurman

---

Claim Operations • P. O. Box 31361 • Omaha, Nebraska 68131-0361 • Telephone: (402) 916-3800 • Facsimile: (402) 916-3031
E-mail: reports@nationalindemnity.com

*Members of the Berkshire Hathaway group of insurance companies*

**EXHIBIT 10**



Carlos E. Silva, Esq.
Jorge E. Silva, Esq.
Paul Jon Layne, Esq.
Elisabeth M. Culmo, Esq.
Carolina B. Suarez, Esq.

# SILVA & SILVA
## ATTORNEYS AND COUNSELORS AT LAW

July 6, 2018

**RECEIVED**
**JUL 1 2 2018**
1314 Douglas St
Omaha NE

**VIA CERTIFIED MAIL**
National Indemnity
Claim Operations
PO BOX 31361
Omaha, NE 68131
Attn: Michelle Gomez

|   |   |   |
|---|---|---|
| Re: | Our Clients: | Margarita Cortes-Pardo; |
|   |   | Maria Lopez-Bermejo Rossello; |
|   |   | Teresa Sanchez Quetglas; |
|   |   | Ana Gaitan Diaz |
|   | Date of Accident: | 3/5/2018 |
|   | Claim No.: | 00502404 |
|   | Insured: | Discount Rock & Sand, Inc. |

Dear Mrs. Gomez:

We are returning herein the draft in the amount of $1,000,000.00 as you have not complied with our previous requests. We will not be able to accept said monies as your insured has not provided an executed financial affidavit or other financial disclosures despite our multiple requests. We have filed suit and service of process is forthcoming.

Very truly yours,

Paul Jon Layne, Esq.

PJL/mr

CC:    Andie Cox, Esq.

236 Valencia Avenue, Coral Gables, Florida 33134
Phone: 305-445-0011 • Fax: 305-445-1181 • Email: info@silvasilva.com
www.silvasilva.com

**EXHIBIT 11**



Kaufman Dolowich & Voluck, LLP
100 S.E. Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Telephone: 954.302.2360
Facsimile: 888.464.7982
www.kdvlaw.com

Jesse D. Drawas, Esq.
jdrawas@kdvlaw.com

*Via Email*                                    *Privileged Mediation Communication*

January 8, 2020

Mr. Carlos Silva, Esq.
236 Valencia Avenue
Coral Gables, FL 33134

RE:     *Estate of Teresa Sanchez Questglas, et. al. v. Discount Rock & Sand, Inc., et. al.*
        Case No.:        18-10097-CIV-JEM
        Claim No.:       00502404
        Date of Loss:    March 5, 2018
        Insured:         Discount Rock & Sand, Inc.
        Insured Driver:  Carlos Manuel Manso Blanco

Dear Mr. Silva:

As you are aware, we represent National Indemnity Company of the South ("NICO of the South") with regard to claims made against its insureds, Discount Rock & Sand, Inc. ("Discount Rock") and Carlos Manuel Manso Blanco ("Blanco"), in connection with the March 5, 2018 accident. Among the claimants are the estates of four women killed in the accident, all of whom are represented by your office ("Silva Claimants") along with Daniel and Kimberley Pinkerton ("Pinkerton Claimants").

On April 10, 2018, NICO of the South tendered the $1,000,000 limit of insurance to the Silva Claimants and Pinkerton Claimants, in exchange for a general release from all of the claimants on behalf of Discount Rock, Blanco, and any other entity claiming insured status under the subject policy with NICO of the South. On April 20, 2018, NICO of the South received a letter from your office, on behalf of the Silva Claimants rejecting the tender and any consideration that any portion of the $1,000,000 limit be paid to the Pinkerton Claimants. Instead, on behalf of your clients you demanded that the full policy limit be paid to the Silva Claimants within 21 days, with, acceptance of the demand conditioned upon the receipt of financial affidavits from Discount Rock and Mr. Blanco. In response, on May 10, 2018, NICO of the South again tendered the $1,000,000 limits to the Silva Claimants on May 10, 2018, in exchange for a general release of its insureds. The following day, your office advised that the Silva Claimants would accept the $1,000,000, but they would not agree to execute a release for Discount Rock and Blanco, because Discount Rock was not willing to provide the requested financial affidavits. On May 14, 2018, NICO of the South responded, advising that NICO of the South was not willing to tender the policy limits without a general release of its insureds. The tender, as proposed with a release of both insureds, remained, and has remained, open for acceptance by the Silva Claimants.

Carlos Silva, Esq.
January 8, 2020
Page 2 of 2

On May 14, 2018, the parties participated in a global settlement conference. NICO of the South again tendered the policy limits to resolve all claims in exchange for a general release of its insureds. The tender was not accepted by the Silva Claimants. .  On June 14, 2019, the parties again participated in mediation and NICO of the South again offered the policy limits to the Silva Claimants to resolve all claims in exchange for a general release of Discount Rock and Mr. Blanco. Again, the tender was not accepted by the Silva Claimants.

As the Silva Claimants have repeatedly rejected NICO of the South's previous tenders of the full Policy limit of $1,000,000 on behalf of **both** Discount Rock and Mr. Blanco, NICO of the South now offers the full Policy limit of $1,000,000 to the Silva Claimants in exchange for a general release of Discount Rock from any and all claims by the properly appointed Personal Representatives of the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bernejo Rosello and the Estate of Margarita Cortes Prado. Please provide a proposed release for our consideration.

Very truly yours,

Jesse D. Drawas

Cc:     Ken Olsen
        Andrea Cox
        Phil Hudson
        Hoss Hernandez

**EXHIBIT 12**



Kaufman Dolowich & Voluck, LLP
100 S.E. Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Telephone: 954.302.2360
Facsimile: 888.464.7982
www.kdvlaw.com

Jesse D. Drawas, Esq.
jdrawas@kdvlaw.com

*Via Email*                                    *Privileged Settlement Communication*

January 24, 2020

Mr. Carlos Silva, Esq.
236 Valencia Avenue
Coral Gables, FL 33134

RE:     *Estate of Teresa Sanchez Questglas, et. al. v. Discount Rock & Sand, Inc., et. al.*
        Case No.:         18-10097-CIV-JEM
        Claim No.:        00502404
        Date of Loss:   March 5, 2018
        Insured:          Discount Rock & Sand, Inc.
        Insured Driver: Carlos Manuel Manso Blanco

Dear Mr. Silva:

As you are aware, we represent National Indemnity Company of the South ("NICO of the South") with regard to claims made against its insureds, Discount Rock & Sand, Inc. ("Discount Rock") and Carlos Manuel Manso Blanco ("Blanco"), in connection with the March 5, 2018 accident. Among the claimants are the estates of four women killed in the accident, all of whom are represented by your office ("Silva Claimants") along with Daniel and Kimberley Pinkerton ("Pinkerton Claimants").

On April 10, 2018, NICO of the South tendered the $1,000,000 limit of insurance to the Silva Claimants and Pinkerton Claimants, in exchange for a general release from all of the claimants on behalf of Discount Rock, Blanco, and any other entity claiming insured status under the subject policy with NICO of the South. On April 20, 2018, NICO of the South received a letter from your office, on behalf of the Silva Claimants, rejecting the tender and any consideration that any portion of the $1,000,000 limit be paid to the Pinkerton Claimants. Instead, on behalf of your clients, you demanded that the full policy limit be paid to the Silva Claimants within 21 days, with, acceptance of the demand conditioned upon the receipt of financial affidavits from Discount Rock and Mr. Blanco.

In response, on May 10, 2018, NICO of the South again tendered the $1,000,000 limits to the Silva Claimants, in exchange for a general release of its insureds. The following day, your office advised that the Silva Claimants would accept the $1,000,000, but they would not agree to execute a release for Discount Rock and Blanco, because Discount Rock was not willing to provide the requested financial affidavits. On May 14, 2018, NICO of the South responded, advising that NICO of the South was not willing to tender the policy limits without a general release of its insureds. The

Carlos Silva, Esq.
January 24, 2020
Page 2 of 2

tender, as proposed with a release of both insureds, remained, and has remained, open for acceptance by the Silva Claimants.

On May 14, 2018, the parties participated in a global settlement conference. NICO of the South again tendered the policy limits to resolve all claims in exchange for a general release of its insureds. The tender was not accepted by the Silva Claimants.  On June 14, 2019, the parties again participated in mediation and NICO of the South again offered the policy limits to the Silva Claimants to resolve all claims in exchange for a general release of Discount Rock and Mr. Blanco. Again, the tender was not accepted by the Silva Claimants.

On January 8, 2020, NICO of the South offered the full Policy limit of $1,000,000 to the Silva Claimants in exchange for a general release of only Discount Rock from any and all claims by the properly appointed Personal Representatives of the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bernejo Rosello and the Estate of Margarita Cortes Prado. This offer was rejected.

As the Silva Claimants have repeatedly rejected NICO of the South's previous tenders of the full Policy limit of $1,000,000 on behalf of both Discount Rock and Mr. Blanco and have now also rejected a tender of the full Policy limits of $1,000,000 on behalf of just Discount Rock, NICO of the South now offers the full Policy limit of $1,000,000 in exchange for a general release of Mr. Blanco and Discount Rock from any and all claims by the properly appointed Personal Representatives of the Estate of Ana Gaitan Diaz and the Estate of Maria Lopez Bernejo Rosello. Please provide a proposed release for our consideration.

Very truly yours,

Jesse D. Drawas

Cc:    Ken Olsen
       Andrea Cox
       Hoss Hernandez

**EXHIBIT 13**



Kaufman Dolowich & Voluck, LLP
100 S.E. Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Telephone: 954.302.2360
Facsimile: 888.464.7982
www.kdvlaw.com

Jesse D. Drawas, Esq.
jdrawas@kdvlaw.com

*Via Email*                                          *Privileged Settlement Communication*

January 28, 2020

Mr. Carlos Silva, Esq.
236 Valencia Avenue
Coral Gables, FL 33134

RE:     *Estate of Teresa Sanchez Questglas, et. al. v. Discount Rock & Sand, Inc., et. al.*
        Case No.:        18-10097-CIV-JEM
        Claim No.:       00502404
        Date of Loss:    March 5, 2018
        Insured:         Discount Rock & Sand, Inc.
        Insured Driver: Carlos Manuel Manso Blanco

Dear Mr. Silva:

As you are aware, we represent National Indemnity Company of the South ("NICO of the South") with regard to claims made against its insureds, Discount Rock & Sand, Inc. ("Discount Rock") and Carlos Manuel Manso Blanco ("Blanco"), in connection with the March 5, 2018 accident. Among the claimants are the estates of four women killed in the accident, all of whom are represented by your office ("Silva Claimants") along with Daniel and Kimberley Pinkerton ("Pinkerton Claimants").

On April 10, 2018, NICO of the South tendered the $1,000,000 limit of insurance to the Silva Claimants and Pinkerton Claimants, in exchange for a general release from all of the claimants on behalf of Discount Rock, Blanco, and any other entity claiming insured status under the subject policy with NICO of the South. On April 20, 2018, NICO of the South received a letter from your office, on behalf of the Silva Claimants, rejecting the tender and any consideration that any portion of the $1,000,000 limit be paid to the Pinkerton Claimants. Instead, on behalf of your clients, you demanded that the full policy limit be paid to the Silva Claimants within 21 days, with, acceptance of the demand conditioned upon the receipt of financial affidavits from Discount Rock and Mr. Blanco.

In response, on May 10, 2018, NICO of the South again tendered the $1,000,000 limits to the Silva Claimants, in exchange for a general release of its insureds. The following day, your office advised that the Silva Claimants would accept the $1,000,000, but they would not agree to execute a release for Discount Rock and Blanco, because Discount Rock was not willing to provide the requested financial affidavits. On May 14, 2018, NICO of the South responded, advising that NICO of the South was not willing to tender the policy limits without a general release of its insureds. The

Carlos Silva, Esq.
January 28, 2020
Page 2 of 3

tender, as proposed with a release of both insureds, remained, and has remained, open for acceptance by the Silva Claimants.

On May 14, 2018, the parties participated in a global settlement conference. NICO of the South again tendered the policy limits to resolve all claims in exchange for a general release of its insureds. The tender was not accepted by the Silva Claimants.  On June 14, 2019, the parties again participated in mediation and NICO of the South again offered the policy limits to the Silva Claimants to resolve all claims in exchange for a general release of Discount Rock and Mr. Blanco. Again, the tender was not accepted by the Silva Claimants.

On January 8, 2020, NICO of the South offered the full Policy limit of $1,000,000 to the Silva Claimants in exchange for a general release of only Discount Rock from any and all claims by the properly appointed Personal Representatives of the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bernejo Rosello and the Estate of Margarita Cortes Prado. This offer was rejected.

On January 24, 2020, NICO of the South offered the full Policy limit of $1,000,000 in exchange for a general release of Discount Rock and Mr. Blanco from any and all claims by the properly appointed Personal Representatives of the Estate of Ana Gaitan Diaz and the Estate of Maria Lopez Bernejo Rosello. On January 27, 2020, we spoke, and you stated that this offer was rejected. You further stated that any further offers of the policy limits to resolve different combinations of claims on behalf of both Discount Rock and Mr. Blanco would also be rejected.

Thus, to date, the Silva Claimants have repeatedly rejected NICO of the South's previous tenders of the full Policy limit of $1,000,000 on behalf of both Discount Rock and Mr. Blanco, rejected a tender of the full Policy limits of $1,000,000 on behalf of just Discount Rock, and now rejected a tender of the Policy Limits of $1,000,000 to Personal Representatives of the Estate of Ana Gaitan Diaz and the Estate of Maria Lopez Bernejo Rosello for release of both Discount Rock and Mr. Blanco.

NICO of the South now offers the full Policy limit of $1,000,000 in exchange for a general release of only Mr. Blanco from any and all claims by the properly appointed Personal Representatives of the Estate of Teresa Sanchez Quetglas, the Estate of Ana Gaitan Diaz, the Estate of Maria Lopez Bernejo Rosello and the Estate of Margarita Cortes Prado. Please provide a proposed release for our consideration.

Very truly yours,

Jesse D. Drawas

Cc:    Ken Olsen
       Andrea Cox

Carlos Silva, Esq.
January 28, 2020
Page 3 of 3

      Hoss Hernandez
      Phil Hudson