UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO. 21-10081-CIV-GRAHAM/GOODMAN

NATIONAL INDEMNITY COMPANY OF
THE SOUTH,

    Plaintiff,

v.

DISCOUT ROCK & SAND, INC., CARLOS
MANSON BLANCO, RICARDO SANCHEZ,
Personal Representative of the
ESTATE OF TERESA SANCHEZ QUETGLAS,
ELIA BONFANTE, Personal Representative
Of the ESTATE OF ANA GAITAN DIAS, FRANCISCO
CORTES, Personal Representative of the ESTATE
OF MARGARITA CORTES-PARDO, JULIO LOPEZ-BERMEJO
ROSSELLO, Personal Representative of the
ESTATE OF MARIA LOPEZ-BERMEJO ROSELLO,

    Defendants.

_____/

## ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff, National Indemnity Company of the South's ("National Indemnity") Motion for Summary Judgment (ECF No. 127) and Defendants' Response to Plaintiff's Motion for Partial Summary Judgment (ECF No. 148). The Court also considers Defendant Discount Rocks' Motion for Summary Judgment (ECF Nos. 131)[1] and Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 142).

**THE COURT** considers the motions and applicable law and is otherwise fully advised in the

---

[1] Estate Defendants, RICARDO SANCHEZ, Personal Representative of the ESTATE OF TERESA SANCHEZ QUETGLAS, ELIA BONFANTE, Personal Representative of the ESTATE OF MARGARITA CORTES- PARDO, JULIO LOPEZ-BERMEJO ROSSELLO, Personal Representative of the ESTATE OF MARIA LOPEZ-BERMEJO ROSELLO, who were the wrongful death claimants in the underlying tort case against Discount Rock & Sand, Inc., join in and adopt Defendant, Discount Rock & Sand, Inc.'s Motion for Summary Judgment. (ECF No. 133).

1

premises. For the following reasons, the parties' Motions for Summary Judgment are denied.

## I. BACKGROUND FACTS

Plaintiff, National Indemnity Company of the South ("Plaintiff" or "National Indemnity"), initiated this action seeking a declaration that it acted in good faith regarding its handling of the underlying claims stemming from a multiple vehicle accident that resulted in the deaths of four Spanish women (collectively the "Estates"). (ECF No. 1). At the time of the accident, National Indemnity insured Discount Rock & Sand, Inc. ("Discount Rock") and its employee driver, Carlos Manso Blanco ("Blanco") (collectively, the "Insureds") under a commercial automobile liability policy, which provided liability coverage in the combined single limit amount of $1,000,000. (ECF No. 1-1). Blanco was an employee of Discount Rock and, during that timeframe, was also performing services at a commonly owned company, Marathon Waste Services, Inc. ("Marathon Waste").

Marathon Waste was insured by Hudson Specialty Insurance Company ("Hudson Insurance"). In late November and early December 2019, in exchange for the tender of the $1,000,000 policy limits of the Hudson Insurance policy held by Marathon Waste, the plaintiffs in the underlying action executed releases that released Marathon Waste and its agents ("Marathon Waste Releases"). The Marathon Waste Releases specifically excluded Discount Rock and is owner Mr. Lopez, individually, except as to his role as director of Marathon Waste; they did not exclude Blanco.

On January 28, 2020, National Indemnity tendered, the full $1,000,000 policy limits in an exchange for a release only of Blanco. On January 29, 2020, the Estates Agreed to the tender. Discount Rock never approved the tender of the policy limits to the plaintiffs in the Underlying Action in exchange for a full release of Blanco only. The wrongful death suit filed by the Estates resulted in a verdict of $11.8 million against Discount Rock. Thereafter, National Indemnity filed its claim for declaratory relief. Discount Rock and the Estates each filed counterclaims against National Indemnity alleging bad faith. (ECF Nos. 10, 30).

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505 (1986); see also *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, see *Anderson* 477 U.S. at 255, 106 S. Ct. 2505, and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). This standard is not affected by the filing of cross motions for summary judgment, and the Court must determine for each side whether a judgment may be entered in accordance with Rule 56.

## III. DISCUSSION

Florida law provides that "an insurer owes a duty of good faith to its insured." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 672 (Fla. 2004). This duty to act in good faith "arises from the nature of the insurer's role in handling the claim on the insured's behalf," because the insured has surrendered to the insurer control of the handling of the claim and settlement decisions. *Harvey v. GEICO Gen. Ins. Co.*, 259 So. 3d 1, 6 (Fla. 2018). When an insurer breaches its duty, a cause of action for bad faith may be brought against the insurer. *Boston Old Colony Ins. Co. v. Gutierrez*, 386 So. 2d 783, 785 (Fla. 1980).

The insurer's duty of good faith "obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid the same." *Gutierrez*, 386 So. 2d at 785. The duty also requires the insurer to "investigate the facts, give fair consideration to a settlement

3

offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Id.* Florida law also imposes an affirmative duty upon the insurer to affirmatively initiate settlement negotiations before a claimant makes a demand when "liability is clear[ ] and injuries so serious that a judgment in excess of the policy limits is likely." *Powell v. Prudential Prop. and Cas. Ins. Co.*, 584 So. 2d 12, 14 (Fla. 3rd DCA 1991). In handling claims against its insured, "the insurer has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Harvey*, 259 So. 3d at 8 (quoting *Gutierrez*, 386 So. 2d at 785). The insurer must therefore make "decisions in good faith and with due regard for the interests of [its] insured." *Gutierrez*, 386 So. 2d at 785. "The damages claimed by an insured in a bad faith case 'must be caused by the insurer's bad faith.'" *Harvey*, 259 So. 3d at 7 (quoting *Perera v. U.S. Fidelity & Guar. Co.*, 35 So. 3d. 893, 902 (Fla. 2010)).

Under Florida law, "the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the totality of the circumstances standard." *Berges*, 896 So. 2d at 680. The question of whether this standard has been met is ordinarily for the jury to decide. *Id.*; see also *Martin v. Allstate Prop. and Cas. Ins. Co.*, 794 F. App'x 883, 887 (11th Cir. 2019) ("Although determining whether an insurer acted in bad faith is generally a question for the jury, courts applying Florida law have granted summary judgment if the undisputed facts would not allow any reasonable jury to conclude the defendant breached its duty of good faith.").

National Indemnity asserts that summary judgment should be entered in its favor declaring that it discharged its obligations under its Policy and applicable law in good faith with due regard for its insureds' best interests with respect to the clams made against Discount Rock and Blanco as a result of the underlying accident; that it is without liability for any amount over and above the limits of the policy; and there is no duty to indemnify Discount Rock with respect to the judgment entered in the underlying lawsuit. Conversely, Defendants move for summary judgment that National Indemnity breached its duties to its insured, Discount Rock, and acted in bad faith by tendering the full $1,000,000 policy limits in exchange solely for release of Blanco.

4

Both National Indemnity and the Defendants, Discount Rock and the Estates, allocate a significant portion of their respective arguments towards the reasonableness of National Indemnity's decision to offer its policy limits for the settlement of the Estates 'claims against Blanco only. Specifically, the parties dispute whether National Indemnity knew or should have known of the Marathon Waste Releases that included Blanco when, over Discount Rock's objections, National Indemnity tendered the full $1,000,000 policy limits on January 28, 2020.

"Under Florida's totality of the circumstances approach, the reasonableness and adequacy of an insurer's settlement offer are relevant factors to consider when determining bad faith, and as such, constitute genuine issues of material fact that preclude summary judgment." *Cousin v. GEICO Gen. Ins. Co.*, 719 F. App'x 954, 961 (11th Cir. 2018) (citing Anderson, 477 U.S. at 248, 106 S.Ct. 2505).

Thus, upon review of the record and the arguments presented by both parties, the Court finds that genuine issues of material fact remain in dispute as to whether National Indemnity's settlement was reasonable under the totality of the circumstances, and whether it acted in accordance with its good-faith duty to the insured. Therefore, summary judgment is not warranted.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff, National Indemnity Company of the South's ("National Indemnity") Motion for Summary Judgment (ECF No. 127) is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant Discount Rock's Motion for Summary Judgment (ECF Nos. 131) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of March 2024.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record