UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
Case No. 21-10081-CIV-GRAHAM

NATIONAL INDEMNITY COMPANY OF
THE SOUTH,

    Plaintiff,

vs.

DISCOUNT ROCK & SAND, INC.,
RICARDO SANCHEZ, Personal Representative of
the ESTATE OF TERESA SANCHEZ QUETGLAS,
ELIA BONFANTE, Personal Representative
of the ESTATE OF ANA GAITAN DIAS, FRANCISCO
CORTES, Personal Representative of the ESTATE OF
MARGARITA CORTES-PARDO, JULIO LOPEZ-BERMEJO
ROSSELLO, Personal Representative of the ESTATE OF
MARIA LOPEZ-BERMEJO ROSELLO,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' brief submissions regarding whether the Estates waived their jury demand (ECF Nos. 117 and 118).

**THE COURT** considers the parties' briefs on the waiver of jury demand issue and applicable law and is otherwise fully advised in the premises. Having considered the same, and for the following reasons, the Court finds that the Estates' did not waive its jury demand by its omission in the Amended Counterclaim.

### I.    BACKGROUND

Plaintiff, National Indemnity Company of the South ("Plaintiff" or "National Indemnity"), initiated this action seeking a declaration that it acted in good faith regarding its handling of the underlying claims stemming from a multiple vehicle accident that resulted in the deaths of four Spanish women (collectively the "Estates"). (ECF No. 1). On September 24, 2021, Discount Rock filed its Answer, Defenses, and Affirmative

Defenses and Counterclaim. (ECF No. 10). Therein, Discount Rock did not request a jury trial. On November 28, 2021, the Estates filed their Answer, Affirmative Defenses and Counterclaim. (ECF No. 30) In its original Counterclaim, the Estates requested a jury trial. On January 20, 2022, the Estates filed their Amended Counterclaim. (ECF No. 44). The Estates' Amended Counterclaim does not request a jury trial.

On February 16, 2024, the parties came before the Court on a Status Conference. At that time, National Indemnity argued that because the Estates' Amended Counterclaim did not contain a jury demand, its prior demand was invalid, and because there was no other jury demand, this matter should proceed as a bench trial. Based thereon, the Court directed the parties to brief whether Defendants had waived their right to a jury trial.

## II. LEAGAL STANDARD

"The right to trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). A party wishing to assert his right to a jury trial must "demand a jury trial by (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d). Once a demand for a jury trial has been properly served and filed, however, it "may be withdrawn only if the parties consent." *Id.* For purposes of Rule 38, the parties may consent by filing a stipulation to a nonjury trial or by making an oral stipulation on the record. See Fed. R. Civ. P. 39(a)(1). The right to a jury trial is fundamental, and—although the right may be waived—the court must "indulge every reasonable presumption against waiver." *Thomas v. Home Depot USA, Inc.*, 661 Fed. Appx. 575, 577 (11th Cir. 2016).

## III. DISCUSSION

The Estates included a demand for a jury trial in its original counterclaim. It is undisputed that the Estates' original jury demand was proper in accordance with Rule 38(b). Thus, because the Estates' demand for a jury trial was properly completed, it could be withdrawn only with the consent of the parties. See Fed. R. Civ. P. 38(d).

That the Estates later filed an amended counterclaim that omitted a jury demand did not render their initial jury demand invalid or withdraw it. *Thomas*, 661 Fed. Appx. at 577. Generally, "an amended complaint supersedes the original complaint: averments against one's adversaries dropped from the original complaint no longer count. A jury demand, however—although it may be included in a pleading—is no element of a complaint itself." *Thomas*, 661 Fed. Appx. at 577-78 (citations omitted). See Fed. R. Civ. P. 8(a), 38. More importantly, "the ways by which a proper jury demand, once made, may be withdrawn are governed in a case like this one by the letter of the Federal Rules of Civil Procedure. Nothing in the Federal Rules of Civil Procedure provides that a proper and complete jury demand can be withdrawn by a later amended complaint totally silent on the issue of a jury trial." *Id.*

Because the Estates' amended counterclaim did not—as a matter of law, could not—"supersede" the Estates' earlier jury demand, and because the amended counterclaim included no consent of the parties to withdraw the earlier-made jury demand, the Court finds that the Defendants are entitled to a jury trial.

**ORDERED AND ADJUDGED** that this matter will proceed as a jury trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of March 2024.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record